## Taylor *et al. versus* Preston.

1. Young by articles sold land to Preston, who paid part of the purchase-money and assigned the articles to the defendants, subject to the remainder, for which Young simultaneously sued Preston and the defendants ; Preston confessed judgment and Young conveyed to him. On the trial against the defendants, *Held* that evidence for defendants of judgments subsequently recovered against Preston was inadmissible,

2. Preston held the legal title as trustee for defendants ; upon their payment of the purchase-money he could have been compelled to convey, and Preston held nothing on which the judgments could be a lien.

3. Any payment to Young by defendants would have enlarged their estate in proportion to the amount paid.

4. A parol promise by the defendants that in addition to the consideration to be paid to Preston for the assignment they would pay Young the unpaid purchase-money, was not a promise to pay the debt of another within the Act of April 26th 1855.

5. The statute does not apply where the promise is to pay the promissor's own debt, although the debt of a third person be incidentally guarantied.

6. Under the Act of May 15th 1874 a stenographer's notes are to be those made up under the view, subject to direction of the court, and with their approval.

7. The stenographer's notes have the effect of the prothonotary's certificate of the record of a cause ; and are subject to be modified in accordance with what may be judicially found to be the fact.

8. Parol evidence of a consideration not mentioned in the deed is admissible, if it be not inconsistent with that expressed.

9. A purchase of land subject to the payment of purchase-money to a third person, is a covenant by the purchaser to pay, on which an action can be maintained in the name of the vendor to the use of him to whom it is due.

10. Whatever shows the intent of parties to bind themselves to the performance of a stipulation, may be deemed a covenant without regard to the form of expression.

11. One who buys expressly subject to an encumbrance, as between the vendor and himself, makes the debt his own, and is bound to protect the vendor.

12. Where the proof of a contract rests upon parol evidence, its sufficiency is for the jury, and it is error for the court to withdraw it from them by peremptory instructions.

November 18th 1875. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

[Taylor v. Preston.]

Error to the Court of Common Pleas of *Butler county :* Of October and November Term 1875, No. 146.

This was an action of assumpsit, brought November 14th 1873, by John Preston, for the use of Simon Young, now for the use of W. D. McCandless, against H. L. Taylor, John Satterfield, J. J. Vandergrift and George V. Forman, trading as H. L. Taylor & Co.

The declaration was that on the 19th of February 1873, Simon Young, by articles of agreement, under seal, agreed to sell to John Preston a tract of land, the deed to be made when the purchase-money should be paid. In consideration, Preston was to pay $20,000, as follows : $200 in hand ; $5000 on the 15th of April 1873 ; $7900 on the 15th of October 1873, and $7900 on the 15th of April 1874 ; that Preston went into possession and paid the first instalment of $5000, and on the 19th of March 1873, by writing, under his hand, assigned his interest in the contract and land described in it to the defendants ; that the defendants thereupon agreed and promised Preston, as part of the consideration-money, that they would pay Young the residue of the purchase-money mentioned in the contract when the same became due, to wit : $7900 on the 15th of October 1873, and $7900 on the 15th of April 1874 ; that the defendants took possession of the land in pursuance of the assignment, but refused to pay the instalment due on the 15th of October 1873, &c.

The case was tried March 11th 1875, before Bredin, J. The evidence as sent up with the records was taken by the official stenographer.

The plaintiffs gave in evidence the articles of agreement between Young and Preston, as set out in the declaration ; also the assignment, which was endorsed on the articles, viz. :—

" Petrolia, Pa., March 19th 1875.

For value received, I hereby sell and assign all my right, title and interest in the within described contract to J. J. Vandergrift, George V. Forman, John Satterfield and Hascal L. Taylor, their heirs and assigns.                     JOHN PRESTON."

They then called John Preston, who testified that he made the contract with Taylor for the assignment of the contract. The witness was then asked, what was the consideration of the contract between him and Taylor & Co. The defendants objected because the contract was in writing.

Amongst the notes of evidence in the paper-books of plaintiffs in error, being as taken by the stenographer, it does not appear at this point what the ruling of the court was.

The witness answered, that the defendants were to pay $20,000 and assume all the back payments—the two payments of $7900 each.

Young testified that he assigned part of the purchase-money of
W. D. McCandless.

The plaintiff having rested, the defendants gave in evidence the
record of an action of covenant, brought November 14th 1873, by
Simon Young against John Preston. The cause of action was the
contract between Young and Preston of February 19th 1875.

The records showed that the case was on the trial list for the
January Term 1875, and after that the following entry:—

"And now, to wit, 16th December 1874, defendant appears in
his proper person, and, with consent of plaintiff's attorney, con-
fesses judgment to plaintiff in the sum of $16,669, being for the
instalment of purchase-money of the land described in the con-
tract sued on as well as the last instalment, due 15th April 1874,
with costs of suit, release of errors, &c."

Defendants also gave in evidence deed, dated December 16th
1874, from Young to Preston, for the land mentioned in the arti-
cles of agreement between them.

Defendants offered to show judgments against Preston subse-
quent to Young's judgment. This was objected to by the plain-
tiffs. The court decided to admit evidence of judgments against
Preston before the assignment to the defendants, but not after,
and sealed a bill of exceptions.

The following are points of the defendants which were refused:—

2. The assignment by Preston to defendants of all his right,
title and interest in the contract with Young for a valuable con-
sideration paid to Preston, will not render defendants personally
liable to Preston for payment of the balance of purchase-money,
and plaintiff cannot recover.

4. Even if the law would raise an implied promise on the part of
the defendants to indemnify John Preston from the payment of the
balance of purchase-money, he must pay Young before he can re-
cover.

The court, March 11th 1875, instructed the jury, " to return a
verdict in favor of the plaintiff for $8557.08, under the evidence in
the case."

On the same day the jury rendered a verdict for that amount.

On the 10th of September 1875, the defendants moved " that the
judge who tried the case direct the reporter to correct his report of
the trial by the insertion of the following rulings of the court," &c.
The rulings were then set out. The court decided as follows:—

" After hearing and argument of above motion, the matters for
which correction is asked being disputed by plaintiff's counsel, the
court do refuse the motion, the law having made the stenographer's
notes the best evidence in cases of dispute. But to bring the matter
fairly before the higher court, do certify that on the trial of the
causes, when John Preston, a witness for plaintiff, was asked by
plaintiff what the consideration of the contract between him and

[Taylor v. Preston.]

defendants was, and said question was objected to by reason of the contract being in writing, the court decided to admit the evidence, saying, in substance, 'that it was competent to show the consideration by parol ————, and that the evidence was not offered or received for the purpose of proving a parol promise to pay the purchase-money due.'"

By the Act of May 15th 1874, Pamph. L. 182, providing for the appointment of stenographers by the courts, it is enacted that their notes "shall be deemed and held to be official and the best authority in any matter of dispute, and a copy of the same shall be used by the parties to the cause in any further proceedings, whenever the use of the same may be required.

The defendants, plaintiffs in error, alleged in their paper-book that there were other rulings by the court on questions of evidence, which were not accurately reported by the stenographer.

The defendants took a writ of error; they assigned for error:—

1. Rejecting evidence of judgments against Preston.

3, 4. Refusing defendants' 2d and 4th points.

5. Instructing the jury to find for the plaintiffs.

*Dodd & Lee*, and *Ash & Starrett*, for plaintiffs in error.—The promise, if made, is obnoxious to our Statute of Frauds: Act of April 26th 1855, sect. 1, Pamph. L. 308, 1 Br. Purd. 724, pl. 4; Maule v. Bucknell, 14 Wright 39; Townsend v. Long, 27 P. F. Smith 143. By pursuing Preston on his contract, and recovering a judgment against him, Young made his election: Chew v. Mathers, 1 Penna. R. 474; Kerr v. Stiffey, 2 Id. 174; Love v. Jones, 4 Watts 465. As to the rejection of the evidence of judgments against Preston, a purchaser may defend against an action for purchase-money by showing encumbrances: Moore v. Shelly, 2 Watts 257; Dalzell v. Crawford, 1 Parsons 53. In order to charge the purchaser with an encumbrance as a debt of his own, the purchase must be expressly subject to it: Campbell v. Shrum, 3 Watts 60; Woodward's Appeal, 2 Wright 322; Buckley's Appeal, 12 Id. 491; Burke v. Gummey, 13 Id. 518; Metzgar's Appeal, 21 P. F. Smith 330.

*C. McCandless* and *J. C. Thompson*, for defendants in error.— Where a vendee sells land, purchase-money for which is still due by him to his vendor, suit may be maintained against the purchaser in the name of the vendee for the use of his vendor: Campbell v. Shrum, a, *supra;* Blank v. German, 5 W. & S. 40; McCracken's Estate, 5 Casey 426; Craig's Appeal, 2 Wright 322; Burke v. Gummey, 13 Wright 518. Parol evidence is admissible to prove that the purchaser agreed to pay the unpaid purchase-money: Buckley's Appeal, *supra.* As to the Statute of Frauds they cited Malone v. Keener, 8 Wright 109; Arnold v. Steadman, 9 Wright 186; Uhler v. Farmers' Nat. Bank, 14 P. F. Smith 409.

Mr. Justice WOODWARD delivered the opinion of the court, January 6th 1876.

In the course of the trial, three judgments against Preston, the plaintiff below, entered in January and February 1875, were offered in evidence on the part of the defendants. The rejection of this offer is made the ground of the first error assigned in this record. Preston had purchased from Simon Young, by articles of agreement executed on the 19th of February 1873, one hundred and twenty acres of land in Concord township, in the county of Butler, for $21,000, and having paid $5200, had assigned the articles to the defendants on the 19th of March 1873, two instalments of the purchase-money due to Young, amounting to $15,800, remaining unpaid. In November 1873, Young had brought an action of covenant against Preston for the amount of the instalment payable on the 15th of October 1873, and on the 16th of December 1874, Preston had confessed judgment for $16,669, embracing not only that instalment, but the remaining one, which had become payable on the 15th of April 1874. Cotemporaneously with the confession of this judgment, Young had made to Preston a conveyance of the land. When the cause was tried, therefore, Preston held the legal title, subject to the lien of Young's judgment. He had no other interest or estate, for his equitable rights had passed by his assignment to the defendants. As to them he held the property as trustee, and upon payment by them of the original purchase-money remaining due, a conveyance to them could have been enforced. There was nothing, then, either of title or possession, in Preston on which the judgments could become a lien. The land belonged to the defendants, subject only to the purchase-money residue; and the amount of that residue was measured exactly by the amount of the judgment confessed to Young. The defendants could have paid Young at their pleasure, and every dollar paid on his judgment would have enlarged in exact proportion the estate, not of Preston, but of themselves. It is objected that if Preston, being clothed with the legal title, had himself made payment to Young, he would have acquired an interest that would have been bound by a judgment lien. Perhaps that is so, but the simple answer is, that no such payments are pretended to have been made. It is objected also that in the event of a sale on Young's judgment for a sum exceeding its amount, the subsequent lien creditors of Preston could claim the excess. But what would the defendants have to do with that ? Whatever might be their relations to the purchaser at the sheriff's sale, the question of distribution would be between the holders of liens on the legal title, and in such a question the defendants could have no possible right to interfere. The admission of these judgments would have been irrelevant to any issue in the cause.

Three questions have been argued as arising out of the second,

[Taylor v. Preston.]

third and fourth assignments of error.    It is insisted on behalf of the defendants below, first, that the alleged undertaking of the defendants was a verbal promise to pay a debt due by Preston to Young, and under the Act of the 26th of April 1855, cannot be enforced ; secondly, that under the pleadings and evidence on the record, a suit by Preston for the use of Young cannot be maintained, and that recovery only could be had, if at all, in a suit brought in the name of Young himself; and thirdly, that even if the law would raise an implied promise on the part of the defendants to indemnify Preston, he must pay Young before he can recover.    It is proposed to treat these objections in their order.

1. Is the contract here alleged within the prohibition of the Statute of Frauds of the 26th of July 1865 ?    It is to be borne in mind that the defendants were acquiring property for their own use.    They were contracting to serve the purposes not of the plaintiff but of themselves.    And the agreement, if it was made, to pay Young was not only a stipulation to pay a debt which Preston owed, but a stipulation to pay the price of property they had bought.    In no ordinary sense did they become sureties or guarantors for Preston.    Buying the land, the promise to pay for it, whatever the form, was a promise to pay their own debt.    To hold the statute applicable to a case like this, it is believed, would be both a violation of principle and a departure from authority.    That statute does not require a promise to be in writing where it is in effect to pay the promissor's own debt, though that of a third person be incidentally guaranteed; it applies to the *mere* promise to become responsible, but not to actual obligations : Malone v. Kenner, 8 Wright 107.    Where, after a sale of real estate under articles, and entry of the vendee into possession, a mechanics' lien was entered against a building on the land, which the vendor, pending an action of ejectment, brought by him for the non-payment of the purchase-money, promised to pay when the property came back to him, the lien-holder agreeing to stop proceedings, it was held that the vendor was liable upon his promise, and that it was not within the statute : Arnold v. Steadman, 9 Wright 186.    In Maule v. Bucknell, 14 Id. 39, the general results of the authorities are stated with great clearness.    "It cannot be denied," it was said by Strong J., " that there is a class of cases in which the consideration has been more regarded than the nature of the promise. They regard the consideration, however, as of importance only where it is either a substantial transfer of the creditor's claims to the promissor, making the transaction a purchase, or a transfer to the promissor of a fund for the payment of debts, or property or securities charged with its payment.    If such funds come to him from either the debtor or promissee, his agreement need not be in writing ; for, as was said in Williams v. Leper, 3 Burr. 1890, the promise is considered as not to pay the debt of another, but the

debt of the property which has come to his hands. * * * The promise may be unaffected by the statute, though the original debt remains, if the promissor has received a fund pledged, set apart, or held for the payment of the debts." The application of these principles to the alleged facts of the present case manifestly withdraws it from the operation of the Act of 1855.

2. Throughout the trial in the court below, as well as in the argument here, the ground was taken by the plaintiff that when he assigned the contract he had made with Young to the defendants, it was with the express agreement that they should assume the instalments of unpaid purchase-money, and meet them as they should mature. Some confusion as to the exact character of the evidence produced has been introduced into the cause by an alleged inaccuracy on the part of the stenographer in reporting the ruling of the court when the evidence was offered. Preston, the plaintiff, was on the stand, and having been asked to state the consideration of his contract with the defendants, objection was made to the question on the ground that the contract was in writing. It does not appear from the notes that the point raised was decided at all. Application was subsequently made to the court for the correction of the record of the testimony. This was refused because the law had made these notes the best evidence in cases of dispute. The judge who tried the cause has certified, however, that the court decided to admit the evidence, saying, in substance, that it was competent to show the consideration by parol, and that "the evidence was not offered or received for the purpose of proving a parol promise to pay the purchase-money due." While this misunderstanding may have no evil influence in this particular case, it may be remarked in passing that its occurrence indicates the possibility of mischief that may flow from too liberal a construction of the Act of the 15th of May 1874. In providing by the second section that "the stenographic notes of the testimony in all proceedings in any trial of the facts, together with the charge of the judge, shall be deemed and held to be official, and the best authority in any matter of dispute," the legislature did not design to subordinate the power of the judge to the power of the stenographer. The administration of the law has been committed to the courts by the Constitution, and the same Constitution has provided that judges, and not clerks, shall compose those courts. Responsibility for the conduct of legal business must rest where it has been constitutionally lodged. The legislature would have no power, as they could have had no intention, to impose upon the clerk who records the details of the trial, the duties of the judge who tries the cause. The stenographic notes that are to be "the best authority in any matter of dispute," are the notes made up under the eye and direction, and with the approval of the court. They have then the effect of the prothonotary's certificate of the

[Taylor *v.* Preston.]

record of a cause, and are subject to be modified and moulded in accordance with what may be judicially found to be the fact precisely as its records are always subject to the court's control.

In any aspect in which the record can present the case, the effect of the evidence was to tend to prove the terms on which the defendants accepted the assignment of the agreement between Young and Preston. The consideration paid at the time of the transfer was $20,000, in addition to which the sum of $15,800 due to Young was to be assumed. Of the admissibility of the evidence on grounds apart from the question raised as to the effect of the Statute of Frauds there can be no doubt. In Buckley's Appeal, 12 Wright 491, where a deed for the recited consideration of $4650, had made the property described "subject to the payment of $1200, the amount of a judgment against Peter Farnum, held by Caleb Hoopes," an auditor appointed to distribute the proceeds of the sheriff's sale of Farnum's property, permitted proof to be given, that when the deed was made, the purchaser had agreed to pay not only the judgment of Hoopes, but the mechanics' liens to which the mill on the land conveyed was subject. It was held that the action of the auditor was right, and that the rule excluding parol evidence to contradict or alter a written instrument, does not prevent the giving parol evidence of a consideration not mentioned in the deed, if it be not directly inconsistent with that expressed: 1 Greenl. Ev., §§ 285, 304, and White *v.* Weeks, 1 Penna. R. 486, were quoted as authority for the decision of Buckley's Appeal.

If the court below had been justified in assuming as they did that the evidence received established the fact that the agreement to pay the purchase-money due to Young was part of the consideration for the assignment, the legal rule which they applied to the fact assumed would have been strictly accurate. It was decided in Campbell *v.* Shrum, 3 Watts 60, that the purchase of a tract of land, "subject to the payment of the purchase-money and interest," due to a third person, is a covenant by the vendee to pay such purchase-money and interest, upon which an action may be maintained in the name of the vendor for the use of him to whom it is due. In the opinion of the court, Sergeant, J., said: "No particular form of words is necessary to constitute a covenant. Whatever shows the intent of the parties to bind themselves to a performance of the thing stipulated, may be deemed a covenant, without regard to the form of expression made use of." In Mc-Cracken's Estate, 5 Casey 426, Socin had sold a lot of land to Springer for $430. Springer had paid $30, and assigned his agreement to McCracken, subject to the unpaid purchase-money due Socin. After the death of McCracken, who had paid during his lifetime three annual instalments to Socin, and in the distribution of his estate by an auditor, the administrators of Socin claimed the balance on the contract originally made with Springer. The

auditor allowed the claim, which the Orphans' Court subsequently rejected, appropriating the money to the heirs at law. On appeal, the decree of the Orphans' Court was reversed. In the opinion delivered by Lowrie, J., it was said: "Then comes the question, was the debt due to Henry Socin, a debt of the estate? We think it was, for though McCracken did not bind himself by covenant to pay the balance of the purchase-money due H. Socin, yet by buying the equitable title, and getting the assignment of the articles from Springer, he impliedly undertook to pay the balance and keep Springer clear of it. His debt and duty were directly to Springer, and through him to Socin. The authority of the rule settled in Campbell *v.* Shrum was recognised in Walker *v.* Physick, 5 Barr 193, and in Woodward's Appeal, 10 Wright 322, and the rule itself was applied in Blank *v.* German, 5 W. & S. 36, in Burke *v.* Gummey, 13 Wright 518, and in Metzgar and Gernert's Appeal, 21 P. F. Smith 330. In Burke *v.* Gummey, it was said in the opinion of the court, that "we have no cases not reconcilable with the doctrine that one who purchases expressly subject to an encumbrance as between the vendor and himself, makes the debt his own and assumes to protect the vendor." If it had been competent to treat the evidence as establishing the plaintiff's theory of the case that the defendants in purchasing from Preston took the property subject to the duty of paying the instalments due to Young, these authorities would be found ample to vindicate the ruling of the court.

3. The assignments of error under review were argued here as if a point had been presented to the court predicated of the fact of a sale of the property by Preston to the defendants, without any agreement or understanding in relation to the purchase-money unpaid. Such may possibly be held to have been the meaning of the third and fourth points of the defendants. While, under the evidence, it is not apparent how the question could have arisen in any practical way, still, as the evidence was entirely parol, and it was possible the jury would disbelieve it all, the defendants were entitled to something more than a summary and peremptory refusal of the points. If the transaction established by the proof was merely a transfer by assignment of the articles of agreement, with no understanding whatever in regard to the payment of the purchase-money to Young, the jury would be required to look into the circumstances attending and surrounding the contract, in order to · adjust the rights of the parties. From the value of the property, the price originally paid, the amount of purchase-money due, the expenditures of the vendee, and the consideration paid to him by the assignees, they would ascertain by whom it was in the contemplation of the parties that the burden of the back instalments should be borne. In the absence of all contract stipulations, the vendee could not, in any event, maintain an action except upon an

[Taylor *v.* Preston.]

implication of indemnity, which the law might create in his favor after he should have been compelled to pay the purchase-money debt to his vendor.

The fifth assignment of error is well founded. As the proof of the contract rested upon parol evidence alone, its sufficiency was exclusively a question for the jury. In Tobin *v.* Gregg, 10 Casey 446, it was held to be error to withdraw the fact of the defendant's assumption of an alleged indebtedness from the jury, even where the consideration was adequate, and to charge that if his parol evidence was believed the plaintiff was entitled to recover. Here the direction was peremptory and unqualified. The mistake undoubtedly grew out of the fact that the attention of the court was engrossed by the legal aspects of the case, but its occurrence makes a new trial unavoidable.

Judgment reversed and *venire facias de novo* awarded.