## Chase *versus* Vandergrift et al.

## Acme Oil Company *versus* O'Hare.

88　217
154　587
88　217
161　327

Where a stenographer is appointed under the provisions of the Act of May 8th 1876, Pamph. L. 140, authorizing the appointment of stenographers in the several courts of the Commonwealth, his note of a bill of exceptions to the admission or rejection of evidence is sufficient, and it is not essential that the bill should be actually sealed by the judge.

November 25th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1878, Nos. 94 and 302.

These were writs of error in one of which Lanman Chase was plaintiff in error, and Jacob G. Vandergrift and George V. Foreman were defendants; and in the other, The Acme Oil Company plaintiff in error, and the defendant, Hugh O'Hare.

The Supreme Court, as will be observed by the subjoined opinion, found no error in the record in these cases and affirmed the court below; but in the argument before this court, the question was raised, whether the stenographer's note of a bill of exceptions to the admission or rejection of evidence was sufficient; or is it essential the bill should be actually sealed by the judge; and to the discussion and determination of this question the opinion of this court is directed?

The material portions of the Act of May 8th 1876, Pamph. L. 140, to authorize the appointment of stenographers in the several courts, will be found in the opinion of this court.

*Guthrie & Byles*, for plaintiffs in error.—The Act of May 8th 1876, provided for the report of testimony and makes such report of the evidence conclusive.

[Chief Justice AGNEW.—Admitting all you say as to the correctness of the notes of the stenographer, the question is, does the act change the practice requiring the judge to seal the bill? That is the only evidence of the authenticity of the act of the court below. Now, the question is, does the Act of Assembly supersede the duty of the court, given by the English statute of Henry II.?]

Mr. *Byles.*—If it be not so the practice of the bar all over the state is wrong.

[Justice SHARSWOOD.—I have never seen a case in which the notes were not sealed by the court.

Chief Justice AGNEW.—Mr. *Sherman* says that there is no bill sealed by the court. The question is whether this statute supersedes the statute of Westminster?]

Mr. *Byles.*—We contend it does.

[Chase *v.* Vandergrift.]

[Chief Justice AGNEW.—The paper-book seems to indicate that the judge assented to the sealing of the bill.]

Mr. *Byles.*—All that is certified to by the judge is the record.

[Chief Justice AGNEW.—Suppose a bill is sent up without being sealed, would that be certified by merely certifying to the record?]

Mr. *Byles.*—We think it would.

[Chief Justice AGNEW.—Who was the judge?]

Mr. *Byles.*—His Honor Judge Church.

*Roger Sherman*, for defendant in error.

The judgment of the Supreme Court was entered January 6th 1879,

PER CURIAM.—A question is raised in these cases whether the stenographer's note of a bill of exceptions to the admission or rejection of evidence is sufficient; or is it essential the bill should be actually sealed by the judge. A careful examination of the Act of 8th May 1876, Pamph. L. 140, leads to the belief the note is sufficient. That act is a substitute for the Act of 15th May 1874, and goes somewhat beyond it. The first section provides for the appointment by the president or law judge of a stenographer to be *attached to the court.* The second requires him to be *competent in his art*, and to *duly qualify under oath.* It then proceeds, " It shall be the duty of said stenographer to take full stenographic notes of the testimony in all proceedings in any trial of facts, together with the charge of the judge ; and said notes shall be deemed and held to be official, and the best authority in any matter in dispute ; and a copy of the same, made as hereinafter provided, shall be used by the parties to a cause in any further proceeding wherever the use of the same may be required."

. Thus the stenographer is an *officer* of the court, acts under *oath*, and his notes are declared to be *official*, and to be the *best authority* in case of dispute. Besides, they are to be used *whenever* their use is required, covering the use thereof in this court. This is not all, for the 4th section, after making it the duty of the stenographer to furnish copies of his notes in long hand upon the order of the court or request of counsel, during the trial or afterwards, provides that within a reasonable time after the trial he shall transcribe all notes not previously transcribed by order of the court, which transcript shall be filed and made a part of the records of the case.

Now with these provisions before us, intended to preserve and reproduce the evidence in the most accurate form, to be done by a *sworn officer*, and deemed to be *official* and the *best authority*, and filed as *part of the record*, it cannot be held that the note of an exception taken and by whom, is not to be regarded as a part of the record, and is valueless, because it is not sealed by the judge. One of the purposes of the appointment of a stenographer is to

[Chase v. Vandergrift.]

secure rapid and unabating progress in the trial, relieving court and counsel from taking full notes. If a judge forgets an exception taken, is his want of recollection to deprive a party of the benefit of the notes of the stenographer because the judge declines to seal the bill? Clearly the act intended that the officer should perform a duty which would supersede the necessity of personal attention to these details by the court.

It seems to us the act must receive this construction from its very terms, as well as its intent and purpose.

But on the merits we are of opinion no error appears in the record, and the

Judgment is therefore affirmed in each case.