## Toddes, Appellant, v. Hafer.

*Appeals—Assignments of error—Evidence.*

An assignment of error to the admission of evidence, which does not include the evidence admitted, will not be considered.

*Appeals—Record—Testimony—Correction of stenographer's report.*

A trial judge has authority to correct the stenographer's report of his charge, and the appellate court cannot go outside of the charge as corrected and certified by him.

*Husband and wife—Execution—Claim of wife—Evidence—Bank account.*

Where a wife claims goods levied upon as the goods of her husband, and

from her proof it appears that the husband was insolvent and conducted a business of hacking and trading in horses, as her agent and used her money, it is competent for the defendant to show as a circumstance against her claim, and as against the husband's testimony in support of it, that the husband kept a bank account in his own name through which he conducted the business.

Argued March 15, 1904. Appeal, No. 24, March T., 1903, by plaintiff, from judgment of C. P. Adams Co., Aug. T., 1900, No. 200, on verdict for defendant in case of Mary Toddes v. F. K. Hafer. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Sheriff's interpleader to determine ownership of goods claimed by plaintiff, but taken in execution as the goods of her husband. Before SWOPE, P. J.

At the trial it was alleged in the testimony of plaintiff and her husband that the latter was insolvent and that he conducted a business of hacking over the Gettysburg battlefield, and in trading in horses on the money furnished solely by his wife from her own earnings.

When J. Elmer Musselman, a witness for defendant, and the cashier of the First National Bank of Gettysburg was on the stand, defendant made the following offer:

Mr. Duncan: We offer to prove by the witness on the stand that John Toddes carried an account at bank—When was it?

Q. Suppose you look at the dates Mr. Musselman. A. After looking in— Q. Starting April 4, 1898, and running to what time? A. May 27, 1901.

Mr. Duncan (resuming offer): Up to May 7, 1901. That this account was kept in his name, John Toddes, and that he deposited money and gave checks on the same. For the purpose of showing that John Toddes conducted the business through the bank account in his name and for the purpose of showing that the property that was bought by him, was bought by him in his own name and for himself.

The Court: And with his own money.

Mr. Duncan: And with his own money; and that this bank account aggregated about $3,200, in that time.

Objected to by Mr. Weaver for the reason that it is not part of the res gestæ; there is no connection between any item in the bank with the purchase of the horses and other property in

question, they being independent transactions. For the second reason, that it is irrelevant, inadmissible and incompetent.

The Court: Objections overruled; evidence admitted; exceptions by the plaintiff; bill sealed. [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) ruling on evidence referred to in the opinion of Superior Court; (2) admission of defendant's offer, quoting bill of exceptions; (3, 4) refusal of certain requests for charge.

*Edward A. Weaver*, for appellant.

No paper-book for appellee.

PER CURIAM, April 18, 1903:

The first assignment of error is dismissed for the reason that it does not quote the testimony given in response to the question as required by rule 16.

There is no merit in the second assignment. In view of the testimony of the plaintiff and her husband as to the manner of doing business and as to the ownership of the money earned by him in the hacking and horse trading business, it was perfectly competent for the defendant to show that the business was conducted wholly or in part through a bank account kept in his name.

The third and fourth assignments must be construed in the light of the judge's certificate attached to the stenographer's report of his charge. It is as follows: "There are several minor mistakes in the within report of the court's charge which may be overlooked without doing violence to any interests, but we must correct a very clear and apparent error on page 14 of the report. The request of Mr. Weaver on page 14 of the report" (see third assignment) "was not answered by the court as indicated by the report. At this point in the court's charge Mr. Weaver requested the court to charge that, by reason of the close relation of husband and wife the presumption would not arise that this property was the husband's and it was in answer to this claim that the court used the words which are mistakenly reported as an answer to

something else. If the request of Mr. Weaver for such instructions was presented as reported, it was affirmed as indicated by our general charge, with this qualification that the presumption would remain until removed by evidence that was clear and satisfactory. After an examination of the within charge, answers to points, and with the correction above mentioned, the report is approved and ordered to be filed." As thus explained the instructions were free from error. That the judge had authority to correct the stenographer's report of his charge, and that, in determining whether he committed error in instructing the jury, we cannot go outside the charge as certified by him, is too well settled to require discussion: Taylor v. Preston, 79 Pa. 436; Connell v. O'Neil, 154 Pa. 582; Commonwealth ex rel. v. Arnold, 161 Pa. 320; Commonwealth v. Fitzpatrick, 1 Pa. Superior Ct. 518; Commonwealth v. Van Horn, 188 Pa. 143.

Judgment affirmed.