## Peter S. Pool & Son to use of John D. Brown, Assignee, *v.* James White, Appellant.

*Practice, S. C.—Assignments of error—Charge—Points—Bill of exceptions.*

Where all the assignments of error are to portions of the charge and answers to points, an appeal will be quashed if the record fails to show that an exception had been taken, or the charge, as printed in appellant's paper-book, had been filed by the trial judge, or approved by him, and filed by his order.

Argued Oct. 8, 1895. Appeals, Nos. 1–9, October T., 1895, by defendant, from C. P. Westmoreland County. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Appeal quashed.

Motion to quash appeals.

Counsel for appellees moved the court to quash the appeals and paper-books in the above stated cases for the following reasons, to wit:

Every assignment of error is to the charge of the court and to answers made by the court to certain points presented by the plaintiffs, while neither the charge of the court nor the evidence to which the charge related is a matter of record before this court. There was no exception taken by counsel for appellant, either to the charge of the court or to his answers to the points now complained of. There was no request made by the counsel to the court before the verdict for an order directing the charge to be filed and made matter of record for the purpose of enabling them to except thereto. No order has been made by the trial court since the verdict, directing the stenographer to write out the charge of the court and the answers to points in long hand and to file them as part of the record. There is no certificate by the trial court attached to the record showing that the charge now printed in the paper-book, to which the errors are assigned, has been examined by him, has been found to be correct, and is therefore directed to be filed as part of the record. All of these facts appear from the record itself as printed in the paper-books. The record on this subject, as appears by

the copy of the docket entries printed, shows the following: "May 17, 1894, jury find for the plaintiffs. May 19, 1894, motion and reason for new trial filed. May 28, 1894, charge of the court filed. August 25, 1894, motion to set aside verdict and grant a new trial overruled and new trial refused. August 29, 1894, verdict fee paid and judgment entered on the verdict.: July 2, 1895, testimony in long hand filed. September 14, 1894, appeal to Supreme Court."

KENNEDY, P. J., specially presiding, attached to the record, after it came into the Supreme Court, a certificate that the charge as printed was correct, but declined to order it filed or otherwise made part of the record.

*John F. Wentling, David A. Miller, James S. Moorhead* and *John B. Head,* for the motion.—In Rosenthal v. Ehrlicher, 154 Pa. 403, Mr. Justice WILLIAMS lays down the rule thus: "The proper practice since the act of 1877 is to except to the charge generally before verdict, as was done before the passage of that act. The party excepting should at the same time request that the charge and answers to points be written out and filed by the stenographer's notes, but the better practice is to write it out and file it with the prothonotary. The request is then granted, the formal order directing that a copy of the charge or of the notes of the trial, as the case may be, be written out and filed, is entered on the minute book or filed in the case. The stenographer then makes and files the copy and the record is completely made up."

In the case of Connell v. O'Neil, 154 Pa., on page 589, Mr. Justice MITCHELL says: "It is much the better practice for the judge to settle all doubt or question as to the charge, as well as the evidence, by signing the bill of exceptions, but where that is not done, it should appear in some way *affirmatively on the charge as reported by the stenographer* that it is approved by the judge as correct and filed by his direction. Without that, the filing by the stenographer is a nullity.

"When the charge has been thus filed by the judge's direction at the express request of a party made before verdict and only when such direction affirmatively appears, the charge becomes part of the record, and is assignable for error."

In the case of Hill v. Egan, 160 Pa. 122, Mr. Justice MITCH-

ELL, in quashing the appeal says : " But unfortunately for the appellant, we have nothing before us on which to base a judgment. We have none of the evidence, for there is no bill of exceptions. Even as to the charge, therefore, we could not pass upon it for want of the facts to which it related. But the charge itself, though printed in the paper-book of appellant, is not of record. It nowhere appears to have been filed by the judge or approved by him and filed by his order. The case therefore is not in position for us to afford appellant any relief."

In Commonwealth ex rel. v. Arnold, 161 Pa., page 327, Mr. Justice MITCHELL again says : " When the act of May 24, 1887, P. L. 199, required the stenographer to take notes of the charge and file them of record and put the charge thus filed on the same footing as a charge filed under the act of 1806, it did not intend nor could it, even if intended, dispense with the necessity of the judge's personal examination and certification of the correctness of the notes filed. The charge is his charge and the filing is his act, and the statute of Westminster, still in force, the act of 1806 and the act of 1887 alike require that he should do it in person and certify his so doing by his own signature."

It is difficult to see how any force can be added to the argument in favor of this motion by enlarging on what has been so briefly, but so clearly and emphatically stated by this court in the cases above cited. Here we have not a single bill of exceptions of any kind taken by appellant to the charge or answers to points ; and no properly certified bills of exception to any evidence. True, some exceptions were noted as the trial progressed, but the trial judge has not certified to these by personally signing each one, nor by signing any general certificate at the end of the stenographic notes certifying to their correctness as a whole.

" We are not disposed to stand on mere forms. That the record is true and the judge so declares, is the substance, the form is not very material. He may so declare by formal bills with his seal, or he may adopt the notes of the stenographer as verity *and so declare by his certificate at the end* of the stenographic report certifying to its correctness as a whole . . . . He may make as many certificates as he pleases, *but he must make at least one* which discloses his belief that the stenographic notes are verity and that he so declares." He has made no certificate.

Therefore none of the evidence in these cases is part of the record and none of it is before this court. This of itself, as the court says, would be sufficient to prevent this court from passing upon the charge for want of the facts to which it related. But the charge itself is not part of the record and is not before this court. No exception was taken to the charge at the time. No request was made before verdict for an order directing the charge to be filed as part of the record, and no such order was made. No order has since been made, as the record shows, directing the charge to be written out and filed, and there is no certificate by the trial court, either on the notes of the stenographer filed or in the prothonotary's office certifying that the charge, which is now printed in the paper-book. is in truth and in fact the charge delivered by the court, and that he has directed it to be made a part of the record. In the face of these facts, it is respectfully urged on the authority of the cases above cited, that these appeals and the paper-books must be quashed.

*Laird & Keenan, Morehead & Garther* and *Robbins & Kunkel,* contra.—The motion to quash the paper-book of appellant was filed by counsel, late Friday evening, within five days of the hearing of this case, but it is submitted that the record in this case is complete, and in full compliance with the rules and practices in this court.

In Janney v. Howard, reported in 150 Pa., page 343, this court says—in construing the act of 1877—" The first section makes it the duty of the trial judge to answer in writing, to be read to the jury, all points for charge which shall be presented to him before the close of the argument to the jury, and provides that,—' the said points and answers thereto shall be filed immediately by the court or judge, and become part of the record of the case for the purposes of error.' "

Thus it will be seen that the points and answers are made part of the record by the action of the court, not by the action of counsel, and this has been done in the case at bar.

Again, in the same case,—" Under it error may be assigned in respect to any part of a charge which has been filed, with or without request, and whether excepted to in the court below, or not."

The charge in this case was written off, sent to Judge KEN-

NEDY, who retained it in his possession for quite a while, before filing his order, on the 25th of August, 1894, which order was personally signed by him, and in his handwriting, and this order, together with the charge, were returned by him to the prothonotary of this court by mail. However, the judge has certified that the charge as filed is a true copy of the charge, and part of the record, and appears upon the charge itself in the original manuscript.

In the case of the People's Gas Co. v. Kunkle, reported in 165 Pa., page 135, exactly the same motion was made in this court, one year ago, but the court paid no attention to it, as the decisions of the court will fully show.

In the case of Fries v. Null, reported in 154 Pa., page 581, this court say, in passing upon the question whether it was necessary to take exceptions in the court below, or not,—"It is sufficient to say that under the act of 1877, P. L. 38, the points and answers become part of the record, to which error may be assigned in this court, whether exceptions were taken in the court below, or not."

The cases cited in the defendant's motion to quash the paper-book do not sustain the motion in this case, for this reason,—

The case of Hill v. Egan, 160 Pa. 122, the charge wasn't filed or certified to by the court, nor were there any exceptions taken.

In our case, the charge has been filed by the direction of the court, and certified to by him, hence this case has no bearing on the present one.

The case of Rosenthal v. Ehrlicher, 154 Pa. 402, relied on by the appellees.

In this case there was no certificate of the trial judge, and this case distinctly rules,—" The bill is already settled, and on the record, and when the stenographer's notes are filed, under the direction of the court, they may be copied therefrom and printed, without further ceremony by the appellant."

The appellant has fully complied with this requirement, for the judge has certified to the record.

In the case of the Commonwealth v. Arnold, 161 Pa. 320, nothing new in the practice was set forth, but the simple requirement that the judge should certify that the record was his record.

That case merely affirmed the doctrine that the judge was the head of the court, and must supervise and certify that the record was correct, and that has been done in the present case.

PER CURIAM, October 8, 1895:

Appeals quashed.

---

Commonwealth ex rel., Henry C. McCormick, Attorney General, *v.* Frank Reeder, Appellant.

*Constitutional law—Elections—Limited voting.*

The words " shall be entitled to vote at all elections," in sec. 1, art. 8 of the constitution of 1874, are exactly equivalent to the words " shall enjoy the rights of an elector," in sec. 1, art. 3, of the constitution of 1838. Both expressions mean that the citizen shall not be entitled to vote if he does not possess the enumerated qualifications and every of them; but that if he does possess them all, then he is an elector, and entitled to vote as the law may prescribe.

The statutes, decisions and practice under sec. 1, art. 3, of the constitution of 1838, are applicable to questions arising under sec. 1, art. 8, of the constitution of 1874.

Section 5, art. 1, of the constitution of 1874, declaring that " all elections shall be free and equal," means that the voter shall not be physically restrained in the exercise of his right by either civil or military authority; and that every voter shall have the same right as any other voter. It was not intended to prohibit a limited voting plan by which voters are restricted from voting for the whole number of officers of a certain kind.

Under sec. 1, art. 5, of the constitution of 1874, and under sec. 1 of art. 12, the legislature may create a court and enact that no voter shall cast his ballot for more than a certain number less than the whole number of the judgeships to be filled.

Section 15 of art. 5 of the constitution of 1874, providing that judges shall be elected by the qualified electors of " the district over which they are to preside," applies only to the election of district judges of the common pleas.

The provisions in the constitution establishing limited voting in the election of Supreme Court judges, county commissioners, Philadelphia magistrates and inspectors of election, is not an implied prohibition upon the legislature of filling other offices by the same method of voting, on the principle expressio unius est exclusio alterius.