We do not, therefore, concur with the court below in its reason for dismissing the bill. We are of the opinion, however, that defendant had full power, under the authority granted it by the commonwealth, to straighten and change its canal bed, as here proved for the purpose here clearly shown. Therefore the decree is affirmed.

---

City of Philadelphia, Appellant, *v.* West Philadelphia Institute, Owner and Registered Owner.

*Practice, S. C.—Practice, C. P.—Charge of court—Exceptions.*
An appeal will be quashed where the record shows that no exception was filed in the court below, and that no order was made by the court to the stenographer to file his notes.

Argued Jan. 9, 1896.  Appeal, No. 452, Jan. T., 1896, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1890, No. 569, on verdict for defendant.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Appeal quashed.

Scire facias sur municipal claim for taxes.  Before BRÉGY, J.
At the trial the court gave binding instructions for the defendant. The record showed that no bill of exceptions was taken or filed, and that the stenographer's notes filed after the appeal was taken were without any certificate by the court below, or order of the court directing them to be filed.
Verdict and judgment for defendant.  Plaintiff appealed.

*Error assigned* was as follows: " The learned court below erred in directing the jury to render a verdict for the defendant."

*Chester N. Farr, Jr.,* assistant city solicitor, with him *John L. Kinsey,* city solicitor, for appellant.

*Henry J. Hancock,* with him *Henry T. Dechert,* for appellee.
—It must distinctly appear of record by a certificate of the

judge under his own hand that that part of the record made up by the stenographer is true: Com. v. Arnold, 161 Pa. 320; Connell v. O'Neil, 154 Pa. 588.

PER CURIAM, January 9, 1896:
Appeal quashed.

---

The Philadelphia Trust, Safe Deposit & Insurance Company, Executor of the Last Will of A. Boyd Cummings, deceased, *v.* The Philadelphia & Erie Railroad Company, formerly the Sunbury & Erie Railroad Company, Appellant.

*Practice, C. P.—Charge of court—Duty of trial judge.*

Where a case has been reversed by the Supreme Court and sent back for a retrial, the trial judge, while having the right to adhere to his individual opinion, is bound to officially carry out the instructions of the Supreme Court, not alone by a submission of the case, but by a fair and impartial submission of the evidence.

A charge whose tendency as a whole is to belittle and prejudice one side, and which is not in expression and tone a judicial presentation of the case, is error.

*Practice, C. P.—Charge of the court—Answers to points—Ownership of railroad bonds.*

In an action by an executor against a railroad company to recover the principal and interest of the bonds of the company, where the evidence for the defendant tends strongly to show that the testator had been a mere bailee of the bonds, and had disclaimed ownership of them, the trial judge commits reversible error in dwelling at length upon the fact that there was no evidence of the bailment to be found in the books of the company, and in failing to call the jury's attention to the facts which tended to establish a bailment. The one-sidedness of the general charge is not cured by taking up the written points on both sides, and answering them by the words "affirmed" and "refused."

*Ownership of railroad bonds—Evidence—Question for jury.*

In an action by an executor against a railroad company to recover the principal and interest of twenty-four bonds, there was evidence that the bonds were found in a desk in testator's room, in a sealed and stamped envelope addressed to the railroad company in a handwriting other than testator's; that all of testator's other securities were kept with a trust company; that the bonds were fourteen years overdue at the time of testator's