Charles W. Thomas and Frank G. Mancer, trading as Thomas & Mancer, to the use of William Duror, Assignee of the said Thomas & Mancer, *v.* John B. F. Johnson, Owner or Reputed Owner and Contractor, Appellant.

*Practice. S. C.—Bill of exceptions—Review.*

The Supreme Court cannot review rulings on evidence or the charge of the court where the trial judge in the court below has allowed no bill of exceptions.

Argued Jan. 31, 1896.    Appeal, No. 171, July T., 1895, by defendant, from judgment of C. P. No. 4, March T., 1894, No. 112, M. L. D., on verdict for plaintiffs.    Before Sterrett, C. J., Green, Williams, Mitchell and Dean, JJ. Appeal quashed.

Scire facias sur mechanics' lien.    Before Thayer, P. J. Motion to non pros.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were rulings on evidence, and answers to defendant's points.

*B. F. Fisher*, for appellant.

*Webster A. Melcher*, for appellee.

Opinion by Mr. Justice Mitchell, May 18, 1896:

This case appears to have been unlucky throughout, especially in that by an inadvertence of counsel an appeal was taken in another branch of the controversy between the same parties but of a different number, and before the mistake was corrected costs of execution had been incurred far exceeding the amount involved in this judgment.    To cap the series of misfortunes it now appears that there is no bill of exceptions.    The stenographer's notes are filed, but even these though they make mention of objections do not show any exceptions allowed by the

judge, and no bill of exceptions has been signed by him.    Without this there is nothing on which this court can base a review of the rulings or the charge.

We have gone over this subject so frequently of late that it is only necessary to refer to Com. v. Arnold, 161 Pa. 327, and Pool v. White, 171 Pa. 500.

Appeal quashed at the costs of the appellant.