## Herman Christner *v.* A. F. John, Appellant.

*Evidence—Sufficiency—Appellate jurisdiction in review.*

Where an assignment of error raises a question of the sufficiency of evidence as to the point in issue, the question for the appellate court is not what conclusions would have been reached by that court if it were within its province to find the facts, but whether there was evidence from which the jury might find the fact. When the appellate court, therefore, is satisfied by the examination of the evidence that there was more than a scintilla it would have been error for the court below to take the case from the jury.

*Practice, C. P.—Practice, Super. Ct.—Appeals—Exceptions.*

Where the assignments of error all relate to the charge of the court and the record shows neither exception taken nor that the copy filed was approved by the judge or filed by his direction, such omission cannot be supplied by the general rule of the court below, or a general practice of the judge to direct exceptions to be noted for both parties.

Argued May 5, 1896.   Appeal No. 25, April T., 1896, by defendant, from judgment of C. P. Somerset Co., Sept. T., 1891, No. 318, on verdict for plaintiff.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Appeal by defendant from judgment of justice of the peace, entering judgment for plaintiff for $93.05.

It appears from the record and the evidence that suit was brought by plaintiff to recover for a carload of lumber.   The order for the carload of lumber was by letter and directed the plaintiff to ship the lumber "to Coke Co. of Connellsville, end

track, Leisenring, Pa." The lumber was shipped to the Connellsville Coke Co., Leisenring, Pa., and the Coke Co. of Connellsville denied that they ever received the lumber and refused to pay Mr. John, the defendant, for the same.

The disputed facts at the trial in the court below were, first, whether in point of fact the lumber reached its proper destination, notwithstanding the misdirection, and, second, whether a settlement was had between the parties and this disputed claim adjusted between them.

There was evidence submitted by the plaintiff that the car was delivered at Leisenring with the lumber on board and that it was subsequently brought back empty. A carpenter in the employ of the coke company testified that he used in their service lumber corresponding in size, quality and number of pieces to the alleged shipment. The defendant submitted evidence of the superintendent of the coke company who undertook to say that the lumber was never delivered and that they never paid for it. There was also conflicting evidence as to the names, location and exact points of delivery for freight of the several coke companies of Connellsville and Leisenring. There was also evidence in rebuttal offered by defendant of the shipment of other lumber of exact quality and size and number, to the same consignee, about the same time which might have been used as testified by the carpenter.

The portions of the charge of the court below, including the points of plaintiff and defendant and the portions of the charge excepted to, were as follows:

[Now you must determine from all the evidence submitted whether or not the car load of lumber shipped from Pine Grove by the plaintiff reached its destination and was received by the Coke Company of Connellsville. Our instructions are, if it did in fact go into the hands of the parties for whom it was intended, if it was delivered to the proper consignee, notwithstanding there was a misdirection upon the car, the error would be immaterial, it worked no harm if, notwithstanding the error, the lumber was received by the parties to whom Mr. John had sold it, if it reached them. As a matter of course, if in consequence of a misdirection, a mistake made by the plaintiff, the lumber was lost to Mr. John and the Coke Company of Connellsville,

then that mistake would defeat the plaintiff's right to recover. Because, if through his own blunder it was lost, he could not ask an innocent person to suffer. So the question comes back to this, whether, notwithstanding the misdirection, the lumber was delivered to the proper party, is the main question.] [1]

Now, it has been also stated that afterwards the accounts of the plaintiff and defendant were settled, after the lumber had been credited to the plaintiff, and it was said by the consignee that it was not received and they refused payment, and the amount was then charged back to Christner and thereafter a settlement was had showing 51 cents coming to the defendant, and the plaintiff paid that. Plaintiff, however, says that was done under a mutual mistake, that the understanding was that the lumber had not been delivered to the consignee. He says now, however, it was not lost and it was a mistake and he should have been paid, and he asks that he be now paid. [We say to you, if such an arrangement was made under the mistaken idea of the parties that the lumber was lost when in fact it was not lost, the circumstance that the plaintiff paid the 51 cents on balance of the account, and also showed that though he had been credited with the lumber and it was charged back to him, that cannot defeat the action.] [5]

It was also shown that thereafter other transactions took place between the parties and a check of $215.13 was given to the plaintiff, having the words in full up to date. If that related to other transactions and did not involve the price of a car load of lumber, the fact that he received that check in full up to date would not defeat a recovery, because it would be construed as in full of the amount which showed that balance.

We have been requested to charge you on behalf of the plaintiff as follows:

If the jury believe that the defendant ordered a car load of lumber from the plaintiff, to be shipped to the Coke Company of Connellsville, end of track, Leisenring—that the car was shipped to Connellsville Coke Company, Leisenring, Pa., but in fact was delivered to the Coke Company of Connellsville, end of track, Leisenring, Pa., then the plaintiff is entitled to recover and their verdict must be for the plaintiff. *Answer:* That point is affirmed. [2]

The defendant presents these points for our instructions.

1. Under all the evidence in the case the verdict must be for the defendant. *Answer :* We decline to so charge you. The point is refused. It depends upon how you may find the fact of delivery of the lumber, and other facts to which we have already adverted.

2. As the plaintiff has proved that he did not follow the instructions given him by the defendant with regard to shipping the car load of lumber in dispute, and as the undisputed evidence is that the defendant did not receive pay for the lumber because of misdirection in shipping, therefore the verdict must be for the defendant. [3] *Answer :* The shipping address was only for the purpose of furnishing directions to the carrying company so as to enable it to find the consignees, to find out the proper destination. If, notwithstanding the error of the address on the shipping card, the car went to its intended destination, arrived safely where it should go, the error was harmless and did not afford a shadow of ground to the consignee, the Coke Company of Connellsville, to refuse payment, because, as we have said, its only purpose was to lead the consignment to the Coke Company of Connellsville, and when it got there, if it did, the proper address could have accomplished no more ; but if through the mistaken address the car was carried elsewhere and the price of the lumber was thus lost through the mistake of the shipper, the plaintiff cannot recover. [4]

The plaintiff has upon him the burden of proof, and it being conceded that a mistake was made by him in the shipping directions, the burden is upon him to show that the lumber reached its proper destination; he must show that by a preponderance of evidence. Your verdict, if for the plaintiff, will be for such amount as the car load of lumber was sold at by Mr. Christner to Mr. John. We do not recall any evidence in the trial of the case fixing the value, we do not recall any testimony fixing either the value of the lumber or the price at which it was sold by Christner to John. We must leave that to you.

*Errors assigned* were, (1, 5) portions of the general charge, reciting same ; (2) answer to plaintiff's point, reciting same ; (3, 4) answers to defendant's first and second points, reciting same.

82          CHRISTNER *v.* JOHN, Appellant.

Arguments—Opinion of the Court.          [2 Super. Ct.
*A. H. Coffroth* and *W. H. Ruppell*, for appellant.

*F. J. Kooser* of *Kooser & Kooser*, with him *Scott & Ogle* and *Valentine Hay*, for appellee.

OPINION BY RICE, P. J., July 16, 1896:

We think the learned judge below took an entirely correct view of this case when he said that the main question was, whether, notwithstanding the misdirection, the lumber was delivered to the proper party. Upon the facts supposed in the instructions which are the subject of the first assignment of error, and in the plaintiff's point, the affirmance of which is the subject of the second assignment of error, the plaintiff's mistake in directing the consignment to "the Connellsville Coke Company, Leisenring, Pa.," instead of to the "Coke Company of Connellsville, end of track, Leisenring, Pa.," was harmless. Upon these facts the defendant could recover from the Coke Company of Connellsville and there is no reason why upon the same facts the plaintiff should not be permitted to recover from the defendant. It is suggested in the appellant's history of the case and brief of argument that the Coke Company of Connellsville has become a defunct corporation and therefore the claim is uncollectible ; also, that on a former trial of this case, in which a verdict was rendered for the defendant, the plaintiff produced no evidence to show that the lumber had been actually received by the above mentioned company.

It is not clear how these facts would affect the question of the defendant's liability to the plaintiff, except, possibly, because they would furnish a reason for not going behind the alleged settlement between them. But be that as it may, it is sufficient to say without discussing their relevancy that they are not shown by the record of the evidence before us. We have no means of knowing what was proved on the former trial or what were the reasons for granting a new trial, and we have looked through the evidence in vain for proof that the Coke Co. of Connellsville is a defunct or an insolvent corporation. Taking the record as it is presented to us, it seems too plain for argument, that if the lumber was actually delivered to the person and at the place ordered there is no legal reason why either the plaintiff or the defendant should suffer loss, and therefore no

room for the application of the maxim that the loss which must fall on one of two innocent persons must be borne by him whose accident or mistake was the cause of it.

The third assignment of error raises a question as to the sufficiency of the evidence of an actual delivery of the lumber to the person and at the place ordered. The question is not what conclusions we would have reached if it were our province to find the facts, but whether there was evidence from which a jury might find the fact. As it was our duty to do we have carefully examined the evidence with reference to this question, and are of opinion that there was more than a mere scintilla and therefore it would have been error for the court to take the case from the jury.

In the absence of proof that the car load of lumber was actually delivered to the Coke Co. of Connellsville the defendant's second point might have been well taken. But if the company actually received the lumber how could the misdirection be set up by it as a reason for not paying? As the learned judge well says, in that case the mistake was harmless, and did not afford a shadow of ground to the consignee to refuse payment. His answer to the point was full, clear and accurate, and we can add nothing in vindication of its correctness.

Undoubtedly as the appellant's counsel argue, the parties had a right to adjust their own disputes, and any settlement that they made with knowledge of the fact would bind them. But a settlement of their accounts whereby the price of the carload of lumber was charged back to the plaintiff under the mistaken belief of both parties that it had been lost, when in fact it had not been, but had gone to its proper destination, ought not to defeat the action. The question whether there was such mutual mistake in the alleged settlement was one for the jury, and was properly submitted.

All of the assignments of error relate to the charge of the court and might have been dismissed upon the ground that when the appeal was heard the record showed neither an exception to the charge of the court nor that the copy filed was approved by the judge or filed by his direction. The place of these cannot be supplied by a general rule of court, or a general practice of the judge to direct exceptions to be noted for both parties: Com. v. Arnold, 161 Pa. 320; Pool v. White, 171 Pa.

500.    The practice referred to is evidently followed by the judge in order to prevent the consequences of the possible forgetfulness or oversight of counsel, but we question whether as a matter of general practice he should assume the responsibility of noting exceptions to his charge or to his other rulings, unless he is expressly requested so to do.    After the case was argued before us a certificate of the judge was filed, setting forth that " it having come to the knowledge of the court that the record does not show that an exception was noted at the time of the trial to the charge of the court, and the impression of the court being that the stenographer was directed at the time to note an exception to the charge to counsel for both parties, and from the further fact that the court has been in the uniform habit of directing the stenographer to note exceptions to persons on both sides at the close of his charges, the court now orders and directs that an exception to the charge as filed, and as it now appears in the paper-book in the case now pending in the Superior Court, be noted to the counsel for defendant and a bill sealed nunc pro tunc."

We do not question the authority of the court to correct the record in accordance with the fact, and if as matter of fact an exception was taken at the trial, which by mistake was not noted, it was proper for the court to direct it to be done nunc pro tunc.    But according to strict practice, the appellee was entitled to have the case disposed of in this court upon the record as it stood at the time the appeal was heard ; especially was this so in this case, because the appellant had notice of the alleged defect in the record, and ample opportunity to have it corrected long before the appeal came on for argument.    But we will not press that objection to a consideration of the assignments of error as we find nothing in them calling for reversal.

The judgment is affirmed.