Elizabeth Harris *v*. Philadelphia Traction Company, Appellant.

*Appeals—Evidence—Exceptions— Certificate of stenographer and trial judge.*

The charge of the court is not brought upon the record for review by any act of the stenographer in filing, but only by the judge's approval and direction to file, the notes of testimony appearing affirmatively by proper certificate.

On appeal the record showed that the stenographic notes which were filed had merely a certificate that " the following notes of testimony are a true transcript from my shorthand notes taken in the case " signed by the stenographer (by deputy), and having underneath the single word "approved," with the judge's signature. The charge followed the notes of testimony, and was included under the same cover with the stenographer's certificate. The assignments of error were to the charge, including the answers to points. *Held*, that as the certificate did not cover anything but the testimony, there was nothing properly on the record to support the assignments of error.

Argued Jan. 14, 1897. Appeal, No. 457, Jan. Term, 1896, by defendant, from judgment of C. P. No. 1, Phila. Co., June Term, 1895, No. 397, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Appeal quashed.

Trespass for death of plaintiff's husband. Before BIDDLE, J. Motion to quash appeal.

The record showed that there was no bill of exceptions.

Upon the last page as filed by the stenographer was the following certificate :

" I do hereby certify that the foregoing notes of testimony are a true transcript from my shorthand notes taken in the case.

" SAMUEL B. COLLINS,

"PER E. S., Official Reporter C. P. No. 1.".

And under this certificate were written these words :

" Approved. CRAIG BIDDLE."

*J. Howard Gendell*, for appellant.

*R. C. Dale*, with him *Charles H. Krumbharr*, for appellee,

cited on the motion to quash: Pool v. White, 171 Pa. 500; Com. v. Arnold, 151 Pa. 327; Hill v. Egan, 160 Pa. 119; Philadelphia v. Institute, 177 Pa. 37.

OPINION BY MR. JUSTICE MITCHELL, February 22, 1897:

Appellee moves to quash the appeal because all the assignments of error are to the charge (including the answers to points), and the charge is not before us. An examination of the record shows that this position is well taken. The stenographic notes which are filed have merely a certificate that " the foregoing notes of testimony are a true transcript from my shorthand notes taken in the case," signed by the stenographer (by deputy) and having underneath the single word "approved," with the judge's signature. Even for what it professes to include this certificate is exceedingly loose and irregular. It should show on its face that the notes contain a full and accurate transcript of all the testimony given at the trial. But the certificate, even overlooking its shortcomings in this respect, does not profess to cover anything but the testimony. The charge is not included, and there is nothing in the certificate itself, or the form of the judge's approval, to show that the exclusion of the charge was not intentional, as it was in the recent case of Smith v. Times Publishing Co., 178 Pa. 481. It is true that what purports to be the charge follows the notes of testimony, and is included under the same cover with the stenographer's certificate, but as we have repeatedly said the charge is not brought on the record for review by any act of the stenographer in filing, but only where the judge's approval and direction to file appear affirmatively: Hill v. Egan, 160 Pa. 119; Com. v. Arnold, 161 Pa. 320; Pool v. White, 171 Pa. 500; Philadelphia v. West Phila. Inst., 177 Pa. 37.

The appointment of official stenographers, and the recent acts of assembly in relation to them are meant to facilitate the business of trials and diminish the consumption of time therein. In that aspect they are aids in the administration of justice, but they must not be permitted to encourage looseness of practice to the extent of turning over the performance of professional or judicial duties to subordinates, whether called stenographers or any other name. The notes of evidence and the report of the charge require the same care now that they did formerly in

a bill of exceptions, and neither court nor counsel are relieved of the obligation to see that they are properly presented. While such a certificate as the one under consideration might be accepted in a majority of cases without serious inconvenience, it is liable at any time to make trouble, and this it is the duty of courts and counsel to foresee and prevent. The record imports absolute verity and cannot be contradicted. In order that it should do so truthfully, and not merely in name, the obligation of care and accuracy is ever present, and should appear affirmatively to have been exercised, either in the make-up or the supervision of the notes, by the skilled professional and judicial officers whose duty it is under the law.

Appeal quashed.