## O'Brien's Estate.

*Appeals—Paper-books—Bill of exceptions—Certificate of judge—Evidence—Orphans' court—Rule 6 of Superior Court.*

Where on an appeal from the orphans' court, the paper-book of appellant discloses the want of any bill of exceptions to bring up the evidence, and also the want of a certificate by the judge as to the correctness of the evidence taken before him, the appeal will be quashed. In such a case a mere certificate by the court stenographer of the correctness of the proceedings is not sufficient.

Argued Jan. 17, 1903. Appeal, No. 51, Jan. T., 1903, by Mary O'Brien, guardian of Anna O'Brien, from decree of O. C. Lackawanna Co., No. 559, Series "C," dismissing petition, to compel executors to account in estate of Ann O'Brien, deceased. Before BEAVER, SMITH, W. W. PORTER, W. D. PORTER and MORRISON, JJ. Appeal quashed.

Petition to compel executors to account.
Motion to quash.

*Error assigned* was the decree of the orphans' court dismissing the petition.

*Clarence Balentine*, for appellant.

*M. J. Martin*, for appellee.

OPINION BY MORRISON, J., March 12, 1903:
This is an appeal by Mary O'Brien, guardian of Anna O'Brien,

from a decree of the orphans' court dismissing her petition to compel the executors to file an account. There was an answer filed to the petition, which upon its face shows a state of facts which render the filing of an account unnecessary and futile. No replication has been filed to this answer, and therefore it must be accepted as true unless testimony had been taken and certified by the court below, which would overthrow the facts alleged in the answer.

At the threshold of the case we are met with a motion to quash the appeal for the reasons:

1. The assignments of error in this case are to the admission and rejection of evidence at the hearing, before the judge of the orphans' court, and the evidence upon which they are based is not before the court, and not certified in accordance with Rule VI, of the rules of this court, which is as follows: " In all cases to which a bill of exceptions at common law is applicable, it is strongly recommended that such a bill be taken in the established form. Where this is not done the certificate, signed by the judge in the following form, will be required, viz: Foregoing notes of testimony, with exceptions taken by the counsel during the trial to the rejection or admission thereof, and the charge with the exceptions thereto, have been examined by me and are hereby approved and ordered to be filed."

2. " All of the evidence adduced at the trial is not printed in the appellant's book, nor is the note marked ' Exhibit A ' in the second assignment of error printed."

An examination of the paper-book of appellant discloses the want of any bill of exceptions to bring up the evidence, and also the want of a certificate by the judge as to the correctness of the evidence taken before him. All that we find on this subject is the following: " The above proceedings are true and correct. J. M. Edwards, court stenographer." This is not sufficient: Connell v. O'Neil, 154 Pa. 582; Commonwealth v. Arnold, 161 Pa. 320; Harris v. Phila. Traction Co., 180 Pa. 184; Herlehy v. Schrader, Appellant, 20 Pa. Superior Ct. 438.

We discover no reason why these rules should not be applied in the orphans' court as well as in the common pleas: Mylin's Estate, 7 Watts, 64; Jack v. Twyford, 8 Pa. Superior Ct. 231; Superior Ct. Rule XXVII.

Appeal quashed.