## Hellriegel *v.* Southern Traction Company, Appellant.

*Negligence—Street railways—Use of streets—Due care—Joint use with public.*

It is the duty of railway companies to be watchful and attentive, and to use all reasonable precautions to give notice of their approach to crossings and places of danger. Their failure to exercise the care which the rate of speed and condition of the street demand is negligence.

A street car company has not the exclusive right to the use of a street on which it operates its road, nor has it such right to its own tracks. The streets of the municipalities of the state are for the use of the traveling public, and the right of the street railway company to use them is in common with the public. The street railway company and the public are alike liable for the negligent use of the street; each must exercise its rights thereon with care and a due regard for the rights of the other.

In an action against a street railway company to recover damages for personal injuries sustained in a collision between a wagon and an electric car, it appeared that at the point of the accident the street was very narrow, and that the two tracks of the defendant occupied the entire cartway. There was also a curve near the place. Plaintiff was driving a one-horse wagon on the right-hand track, when he was warned by a car from behind on the same track to get off the track. He turned on to the other track and proceeded at a slow trot for about two squares when he was struck by a car coming in the opposite direction along the track into which he had turned. The car running on the right-hand track stopped twice between the place where the plaintiff left that track, and the place where the accident occurred, a distance of six or seven hundred feet, and, at the time of the accident, had overtaken plaintiff. The plaintiff alleged that the bell was not rung on the car approaching, and that the car was only visible for about twenty-five feet on account of a bank, the curve and intervening electric poles. *Held,* (1) that the immediate locality was a place of danger calling for the exercise of such care as would probably prevent collisions; (2) that the question of defendant's negligence was for the jury; (3) that the question of plaintiff's contributory negligence was for the jury; (4) that a verdict and judgment for plaintiff should be sustained.

Argued April 13, 1903. Appeal, No. 3, April T., 1903, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T. 1901, No. 361, on verdict for plaintiff, in case of M. Hellriegel v. Southern Traction Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, J.

The facts appear by the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $425.   Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant; (2, 3) extracts from charge.

*Warren I. Seymour*, with him *Clarence Burleigh* and *James C. Gray*, for appellant, cited: Kline v. Electric Traction Co., 181 Pa. 276; Jackson v. United Traction Co., 18 Pa. Superior Ct. 211.

*A. B. Reid*, with him *A. V. D. Watterson*, for appellees, cited: McFarland v. Consolidated Traction Co., 204 Pa. 423.

OPINION BY HENDERSON, J., October 5, 1903:

In the trial in the court below the case was defended on the ground first, that there was no negligence on the part of the defendant, and second, that the plaintiffs were chargeable with contributory negligence.   The jury found against the defendant on both propositions.   Three specifications of error are assigned, the first to the refusal of the court to give binding instructions for the defendant, the second and third to parts of the charge of the court.

The defendant operated a street car line along River avenue in the borough of Esplen.   Two tracks were laid, which practically occupied the whole street at the place where the accident occurred, and for some distance either way was a bank about five feet high, and on the other side of the street the sidewalk.   Electric poles for the telegraph, telephone and street car wires were erected along the side of the street.   There was a curve in the road near the point of the accident.   Plaintiffs were driving from McKee's Rocks toward Pittsburg after dark on December 15, in a one-horse wagon.   They were on the right-hand track going toward Pittsburg, on which track the cars ran in the same direction.   Soon after reaching Esplen borough, they were warned to get off the track by a car approaching from behind.   The driver turned on to the other track, along which they proceeded at a slow trot for about two

squares, when they were struck by a car coming in the oppo-site direction along the track on which they were driving. The car running on the right-hand track stopped twice be-tween the place where the plaintiffs left that track and the place where the accident occurred, and, at the time of the ac-cident, had overtaken the plaintiffs. The plaintiffs allege that the bell was not rung on the car approaching them, and that the car was only visible for about twenty-five feet on account of the bank, the curve and the intervening electric poles. The court below submitted to the jury the question whether the bell of the car was rung, and whether the ringing of the bell would have avoided the accident, and instructed the jury that if they should find that the bell was not rung and that the ringing of the bell would have prevented the accident, the company was guilty of negligence in not giving such a warn-ing. We are of the opinion that the evidence justified the court in giving such instruction to the jury. The night was dark, the road was narrow, street cars were running in oppo-site directions along the traveled thoroughfare, and there was no opportunity for drivers of vehicles to avoid the cars except by driving from one track to the other. The immediate local-ity was therefore a place of danger, calling for the exercise of such care as would probably prevent collisions.

In Carson v. Federal Street, etc., Ry. Co., 147 Pa. 219, the court said : " It is the duty of railway companies to be watch-ful and attentive, and to use all reasonable precautions to give notice of their approach to crossings and places of danger. Their failure to exercise the care which the rate of speed and condition of the street demand is negligence."

In Fenner v. Wilkes-Barre, etc., Traction Co., 202 Pa. 365, the court said in considering the facts in the case, " It was a place of danger where a collision might occur, and hence it was his (the motorman's) duty to take the necessary precau-tions to avoid an accident."

The plaintiffs were not trespassers on the track of the de-fendant. They had a right to be there, subject to the exercise of such care as the circumstances required.

" A street car company has not the exclusive right to the use of a street on which it operates its road, nor has it such right to its own tracks. The streets of the municipalities of the

state are for the use of the traveling public, and the right of the street railway company to use them is in common with the public. The street railway company and the public are alike liable for the negligent use of the street; each must exercise its rights thereon with care and a due regard for the rights of the other:" McFarland v. Consolidated Traction Co., 204 Pa. 423.

The instruction of the court which asked the jury to determine whether the ringing of the bell would have prevented the accident was as favorable to the defendant as it had a right to ask.

The question of the plaintiff's negligence was one for the jury. The court cannot determine as a matter of law just what a man in the exercise of ordinary care should have done under the circumstances disclosed in this case. The plaintiffs were forced from the track along which they were going. One of them testified that he traveled along the left-hand track expecting the car which had forced them from the right-hand track to come along and pass them. That car, as shown by the evidence, stopped twice within a space of six or seven hundred feet. Whether the plaintiffs exercised reasonable care under the circumstances was clearly a question for the jury. The court instructed the jury that whether the bell was rung or not if the plaintiffs could see the approaching car in time to avoid the collision, they were guilty of contributory negligence. The jury found in favor of the plaintiffs on that question. The plaintiffs themselves testified that they could not see the car until it was within about twenty-five feet of them on account of the obstruction to their vision, and there was some additional evidence that the headlight of the car was low, and that there were obstructions to the view in the immediate vicinity. Much of the argument of the appellant might well be addressed to the court on the motion for a new trial, but we cannot here weigh the evidence and determine the credibility of the witnesses. It was not error in the court therefore to refuse to affirm the defendant's point. The view already expressed disposes of the second specification of error. That portion of the charge assigned for error in the third specification did the defendant no harm. It held the plaintiffs to as strict a measure of diligence as the defendant could ask.

The judgment is affirmed.