## Farley *v.* Altoona & Logan Valley Electric Railway Company, Appellant.

*Appeals—Record—Testimony—Certificate of judge.*

A loose paper not attached to, and not in anyway identifying the stenographer's report of the testimony, and not filed in the office of the prothonotary of the court below until after the record and the stenographer's report of the testimony have been removed to the appellate court, is not a compliance with rule 6, sec. 2, relating to the certification of testimony, and this is the case even though the paper be drawn in the exact words of the rule.

The report of the evidence duly certified by the trial judge is not open to contradiction in the appellate court, and the report depends for its presumption of verity upon such certificate of the judge.

Argued Oct. 24, 1906. Appeal, No. 53, Oct. T., 1906, by defendant, from judgment of C. P. Blair Co., Jan. T., 1906, No. 318, on verdict for plaintiff in case of John C. Farley v. Altoona

414 FARLEY *v.* ALTOONA, ETC., RY. CO., Appellant.

Statement of Facts—Opinion of the Court. [32 Pa. Superior Ct.

& Logan Valley Electric Railway Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Appeal quashed.

Motion to quash appeal on the ground that the testimony was not properly certified by the trial judge.

No certificate was filed in the court below until after the record had been removed. At the hearing before the Superior Court, the following paper was submitted by appellant's counsel:

" The foregoing notes of testimony with the exceptions taken by counsels during the trial to the rejection or admission thereof, and of the charge with the exceptions thereto, have been examined by me and are hereby approved and ordered to be filed.

MARTIN BELL,<br>President Judge."

*Thomas H. Greevy*, for appellant.

*David E. North*, for appellee.

PER CURIAM, February 25, 1907 :

As shown by the court's answer to the defendant's third point (sixth assignment), there was evidence from which a jury could find that the motorman was not paying that attention to the track in front of him which, in view of the speed of the car, the time of night, the travel upon the highway, and the other circumstances was required of him, and that if he had not been negligent in this particular the collision with the plaintiff's vehicle would not have occurred. As to the question of the plaintiff's contributory negligence we remark, that this is not a case where the party injured was struck immediately after driving on the track in front of an approaching car, but where, after driving a very considerable distance on the track, as he had a right to do particularly in view of the rough condition of the highway at the side, and upon receiving warning of the approach of a car in the rear, he attempted to leave the track, but before he could do so the collision took place. The reasons for submitting to the jury the question whether the

plaintiff was contributorily negligent in not keeping a sufficient lookout to the rear satisfactorily appear in the portions of the charge which are quoted in the assignments of error, and in the opinion of the learned president judge below overruling the motion for judgment non obstante veredicto. For discussion of the principles applicable to a case where such evidence appears, we refer to Smith v. Philadelphia Traction Co., 3 Pa. Superior Ct. 129 ; Hellriegel v. Southern Traction Co., 23 Pa. Superior Ct. 392 ; Davis v. Media, etc., Ry. Co., 25 Pa. Superior Ct. 444, and the cases cited in the opinions. If the case were properly before us for review upon the merits, we would be compelled to hold that the court committed no error, either in submitting the question of the defendant's negligence and the plaintiff's contributory negligence to the jury, or in the manner of submission.

But a question of practice is raised by the plaintiff's motion to quash the appeal which cannot be ignored without establishing a precedent that would be likely to give trouble in the future. The writ was returnable on October 22 and the case was on the list for that week. The record, with the judge's return to the writ, was filed on October 20, but although what purported to be the stenographer's report of the testimony and the charge of the court was returned as part of the record, it was not certified by the trial judge as required by rule 6, section 2. But after the motion to quash was made, there was filed in the office of the prothonotary of the court below, on October 23, a paper drawn in the form of the certificate prescribed by the above rule and signed by the president judge. A copy of this paper certified by the prothonotary of the court below and the paper itself were submitted to us by the appellant's counsel on the hearing in this court on October 24. As to the necessity of having the stenographer's notes certified by the judge we refer to Connell v. O'Neil, 154 Pa. 582; Commonwealth v. Arnold, 161 Pa. 320 ; Pool & Son v. White, 171 Pa. 500 ; Harris v. Philadelphia Traction Co., 180 Pa. 184. In Commonwealth v. Arnold the present chief justice said : " We are not disposed to stand on mere forms. That the record is true and the judge so declares, is the substance, the form is not very material. He may so declare by formal bills with his seal, or he may adopt the notes of the stenographer as ver-

ity, and so declare by his certificate at the end of the steno-graphic report certifying to its correctness as a whole. If he chooses to multiply his certificates by affixing one with his seal appended to every exception to the admission or rejection of evidence, that certainly will not affect the verity of the record. But the distinct assent of the judicial mind to the truth of that part of the record made up by the stenographer must appear of record, by the certificate of the judge under his own hand." These views have been reiterated in many cases, some of which we have cited. When it is remembered that the report of the evidence duly certified by the judge is not open to contradiction in the appellate court, and that it depends for this presumption of verity upon such certificate, it is apparent that a loose paper not attached to, and not in any way identifying, the stenographer's report of the testimony, and not filed in the office of the prothonotary of the court below until after the record and the stenographer's report of the testimony have been removed to the appellate court, is not a compliance with the rule, even though the paper be drawn in the exact words of the rule.

The appeal is quashed and the record remitted to the court below.