# Lister *v.* Pennsylvania Telephone Company, Appellant.

*Appeals—Record—Certificate as to charge and evidence.*

1. It is the duty of an appellant to see that the notes of testimony and the charge of the court are certified as required by rule VI, and if he fails to see that this is done, thereby delaying the hearing of the appeal, and fails to offer any valid excuse for his neglect, he will be nonsuited when the case is called for hearing in the appellate court.

2. A loose paper not attached to the stenographer's report of the tes-. timony and the charge, and presented to the appellate court when the case is called for hearing, will not be considered by the appellate court as a proper certificate under rule VI.

Argued March 8, 1909. Appeal, No. 216, Oct. T., 1907, by defendant, from judgment of C. P. Blair Co., Oct. T., 1905, No. 110, on verdict for plaintiff in case of Robert McKinley Lister, by his father and next friend, Francis O. Lister, v. Pennsylvania Telephone Company. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Appellant nonsuited.

Motion for nonsuit.
The opinion of the Superior Court states the case.

*J. D. Hicks* and *D. J. Neff,* for appellant.

*William S. Hammond,* for appellee.

Opinion by Rice, P. J., April 19, 1909:

We have considered the questions sought to be raised by the assignments of error, and the oral and printed arguments of counsel relating to them, and are not convinced that any reversible error was committed. We will add to this expression of opinion upon the merits of the appeal no discussion of them, because we deem it our duty to sustain the appellee's motion for nonsuit. Judgment was entered in the court below on November 4, 1907, and on November 25, the court made an order directing the stenographer to transcribe the notes of

testimony and charge of the court. The defendant took this appeal in the same month, and although nearly a year elapsed before it came up for argument, the notes of testimony and the charge of the court had not been transcribed, and consequently the appellant's paper-book had not been prepared. We doubted then, and still do, whether sufficient excuse for the omission to have this done was shown; nevertheless, appellee's counsel finally consenting, we continued the case to the March Term at Harrisburg. When it was called for argument on March 8, 1909, the appellee's counsel moved for a nonsuit, upon the ground, inter alia, that the notes of testimony and charge of the court were not certified as required by rule VI. This was the fact, although the transcript of the charge was filed on January 19, 1909, and the transcript of the notes of testimony was filed on February 9, following, and no valid excuse for noncompliance with the rule was shown. We remark in passing that it is as much the duty of the appellant to see that this is done as it was the duty of the plaintiff in error at common law to have a bill of the exceptions which were allowed on the trial, signed and sealed by the judge. On March 9, the motion for nonsuit being under consideration by the court, the appellant presented the following certificate of the trial judge, which we permitted to be filed without deciding as to its effect: "Now Mch. 8th, 1909. The notes of testimony with the exceptions taken by counsel during the trial, to the rejection or admission thereof, and the charge with exceptions thereto, have been examined by me and are hereby approved, and were ordered to be filed February 9th, 1909." The filing of this paper furnished no valid answer to the appellee's motion, for two reasons: first, it was not such an authentication as the rule of court requires, Farley v. Altoona, etc., Ry. Co., 32 Pa. Superior Ct. 413; second, the appellee was entitled, particularly in view of the long delay in bringing the appeal to a hearing and of the absence of a valid excuse for noncompliance with the rule, to have his motion disposed of on the record as it appeared when the case came up for argument.

The appellee's motion is allowed and nonsuit is entered against the appellant.