No. 10,217.

STATE OF LOUISIANA EX REL. R. W. SCHLATER VS. JUDGE OF THE TWENTY-THIRD DISTRICT COURT, PARISH OF IBERVILLE.

| 40 | 809 |
| 105 | 376 |

A bill of exceptions is only necessary for the purpose of disclosing to the appellate court what the judge's ruling was, and the grounds of objection thereto. If they appear of record, the right of the party excepting is fully preserved without the retention of a bill.

APPLICATION for Mandamus.

*Samuel Matthews* and *Chas. O. Lauve* for the Relator.

*Geo. Wailes, Alex. Hébert* and *R. N. Sims* for the Respondent.

The opinion of the Court was delivered by

WATKINS, J. During the progress of proceedings in a suit pending in the respondent's court, in which the relatrix is plaintiff, and A. Wil-bert & Sons are defendants, counsel of the former caused an amended petition to be filed, which on objection urged by counsel of the latter, was stricken from the record. To the respondent's ruling counsel for relatrix excepted, and tendered a bill of exceptions, which the former declined to sign, and the latter has applied for a mandamus to compel him to sign said bill.

The respondent returns that there is no rule of our practice which requires him to sign a bill of exceptions in case all the proceedings are of record, and a note of them appears in the minutes of the court. He has annexed to his answer a copy of the minutes for the purpose of showing that all of the proceedings are of record, and that the rights of the relatrix will be perfectly protected in the event of an appeal.

In thus ruling the respondent was certainly correct.

The provisions of the Code of Practice on this subject are, that "if one of the parties calls on the court to express an opinion on a point of law arising in the cause, such opinion may be excepted to." Art. 487.

And that "the party excepting to the opinion of the court must draw a bill of exceptions in which the question of fact, or of law, on which such opinion has been demanded, shall be concisely set forth, as well as the grounds of the exception so taken." Art. 488.

In construing these articles, this Court said in State ex rel. Gaines vs. Judge, 12 Ann. 113, that "the object of a bill of exceptions is to place on the record, and make part thereof, something which was done under the order of the court during the progress of the cause, which would not otherwise appear, in order that the question of law arising from the ruling of the judge, in the matter excepted to, may be reviewed by the appellate court."

It is obvious, then, that the Code only contemplates that a bill of exceptions should be signed and filed in the record when it is necessary to *disclose* to the appellate tribunal what the judge's ruling was, and what was the ground of objection thereto. Harrison vs. Waymouth, 3 R. 341; Commissioners vs. Yorke, 4 Ann. 138; Scott vs. Lawson, 10 Ann. 547.

In the instant case there was no necessity for a bill of exceptions to have been retained, as it fully appears from the record what the judge's ruling was, and also, what was the objection thereto; hence the application of the relatrix must be refused.

It is therefore ordered and decreed that the preliminary writ be set aside, and that a peremptory *mandamus* be refused, at the cost of the relatrix.