## Rodríguez v. Fernández Hermanos.

### Appeal from the District Court of Ponce.

No. 169.—Decided December 20, 1907.

Evidence—Witnesses—Children Under 14 Years of Age.—The provisions of sections 12 and 14 of the Civil Code to the effect that children under 14 years of age are incapable of serving as witnesses, have been repealed by section 39 of the Law of Evidence which lays down the rule to be followed in this respect.

Id.—Hearsay Evidence.—The statement or admission made by an agent or servant of one party to third parties in relation to the business entrusted to him cannot be regarded as hearsay evidence, because under such circumstances it must be considered that the agent or servant represented his principal.

Appeal—Statement of the Case.—The statement referred to in section 225 of the Code of Civil Procedure is evidently a statement of the case and not a statement of facts.

ID.—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—In preparing a bill of exceptions, statement of the case, or statement of facts, counsel must bear in mind the differences between these documents in order that they may observe and use the proper terms for each.

DAMAGES AND LOSSES OCCASIONED BY NEGLIGENCE—NEGLIGENCE AS A PROXIMATE CAUSE OF THE ACCIDENT.—The evidence taken in this case showing that the negligence of defendant was the proximate cause of the accident, and the evidence being sufficient to support the judgment of the inferior court condemning the defendant to the payment of the damages caused to the plaintiff, the same should be affirmed.

ID.—CONTRIBUTORY NEGLIGENCE.—The mother of the minor in this case cannot be charged with contributory negligence for permitting him to go out into the street alone to do an errand for her, inasmuch as the child being 11 years old his age was sufficient for the mother to be justified in permitting him to go out alone to do the errand with which he was entrusted.

The facts are stated in the opinion.

*Mr. Latorre* for appellant.

*Mr. Boerman* for respondent.

MR. JUSTICE MacLEARY delivered the opinion of the court.

This was an action brought by Dámaso Rodríguez against Fernández Bros. for damages on account of personal injuries suffered by him in the crushing of his hand in the cogs of a wheel used in the machinery pertaining to the bakery of the defendants in Yauco on the 15th of May, 1906. The plaintiff claims that this injury was occasioned by the negligence of one of the servants of the defendants, and thereby, of the defendants themselves.

The defense has set up that there was no negligence on the part of the defendants nor their servants, but that there was contributory negligence on the part of the plaintiff and those having control of him, he being a minor 11 years of age.

Judgment was rendered by the District Court of Ponce in favor of the plaintiff for $500 on the 12th day of April, 1907. An appeal was taken by the defendants on the 22d of April of the same year. An appeal was also taken by the plaintiff on the 2d day of May of the same year.

On the argument of the case in the Supreme Court it appears that the plaintiff is satisfied to let the judgment stand,

and we have only to consider the appeal taken by the defendants.

Before discussing the case on its merits, we may dispose of an error into which appellants' counsel have fallen in quoting article 1214 of the Civil Code to the effect that minors under the age of 14 years cannot be admitted as witnesses in a civil case. This law has been repealed by the Law of Evidence in section 39, which states the rule to be as follows:

"The following persons cannot be witnesses:

"1. Those who are of unsound mind at the time of their production for examination.

"2. Children under 10 years of age who are incapable of receiving just impression of the facts respecting which they are examined, or of relating them truthfully." (Law of Evidence, sec. 39, Session Acts 1905, p. 77.)

It appears from the statements of both parties herein that the plaintiff was 11 years of age, and consequently was old enough to testify in his own behalf, as he did in this case.

A preliminary question is presented by the appellee which he claims should cause a dismissal of the appeal. It concerns the bill of exceptions and the statement of the case, and is to the following effect:

"The defendants did not present, within the 10 days which the law fixes, their bill of exceptions, but solicited, and it was conceded to them by this court, a postponement in order to present said bill of exceptions within the days of the delay which were granted them. The defendants, in place of presenting the aforesaid bill of exceptions in the form which is required by article 24 of the Code of Civil Procedure presented what was called a statement of the case, but what was a statement of the testimony given by the witnesses, without pointing out the particulars on which they founded the allegations of the insufficiency of the proof. Counsel for appellee goes on to argue that the appellants having solicited a delay in order to present their bill of exceptions, which

time was extended on two or three subsequent occasions, that they could not afterwards present a statement of facts, or a statement of the case, and that the appellants had no right to do this for various reasons, because, in the first place, a statement of the case is only admissible on motion for a new trial, and secondly, in the case at bar a motion for a new trial had not been presented within the term of 10 lays after the notification mentioned in article 223 (*sic*) of the Code of Civil Procedure, and in the third place, because the postponement was not conceded in order to present a statement of the case, but for the presentation of a bill of exceptions, and that the statement of the case is not mentioned in article 233 of the Code of Civil Procedure, which prescribed what documents constitute the judgment roll.

This brings up the question of the difference between the three documents; therefore let us examine the difference between (1) a bill of exceptions, (2) a statement of facts, and (3) a statement of the case. A bill of exceptions is defined by Bouvier as follows:

"*Bill of exceptions.*—A written statement of objections to the decision of a court upon a point of law, made by a party to the cause, and properly certified by the judge of court who made the decision. The object of a bill of exceptions is to put the decision objected to upon record for the information of the court having cognizance of the cause in error.

"*In what cases.*—In the trial of civil causes, wherever the court, in making a decision, is supposed by the counsel against whom the decision is made to have mistaken the law, such counsel may tender exceptions to the ruling, and require the judge to authenticate the bill. * * *. It can be taken to the action or want of proper action of the trial court, upon any proceeding in the progress of the trial from its commencement to its conclusion and when properly presented can be considered by the court on writ of error.

"In the Circuit Court of Appeals no exceptions to rulings at a trial will be considered unless taken at the trial, embodied in a bill of exceptions, presented to the judge at the same term or at a time allowed by rule of court made at the term, or by a standing rule of

court, or by consent of the parties, and except under extraordinary circumstances must be allowed and filed with the clerk during the same term.

"*Effect of.*—The bill when sealed is conclusive evidence as to the facts therein stated as between the parties.

"If the judge's rulings and the grounds of objection thereto appear of record, the right of the party excepting is fully preserved without the retention of a bill.   (40 La. Ann., 809.)   If the judge has certified and filed the record containing the evidence, exceptions and charge, he is not compelled to sign a second or separate bill for the party excepting.   (161 Pa., 320.)   Where the error is apparent upon the record it need not be presented by a bill of particulars.   (141 U. S., 616.)"   (1 Bouvier's Law Dictionary, pp. 236-237.)

The legal lexicographer above referred to does not define statements of facts and statements of the case.   In Black's Law Dictionary, we have as the definition of the word "statement," the following:

"*Statement.*—In a general sense, an allegation; a declaration of matters of fact.   The term has come to be used of a variety of formal narratives of facts, required by law in various jurisdictions as the foundation of judicial or official proceedings."   (Black's Law Dictionary, p. 1120.)

This would probably include both statements of facts and statements of the case, and it is provided in section 225 of the Code of Civil Procedure that the bill of exceptions, or statement, as the case may be, used on the hearing, shall constitute a part of the record to be used on appeal from the order granting or refusing a new trial.   This evidently refers to the statement of the case, which is also mentioned in section 225 of the Code of Civil Procedure.   Nothing further has been found in our statute concerning these documents. It is probable that in the court below neither the trial judge nor the counsel for appellant had made any distinction between a bill of exceptions and a statement of the case, and that they were treated as synonymous terms in the application

made for delay, and in the order granting the same. For that reason we will disregard the suggestion made by the counsel for the appellee, and proceed to a consideration of the merits of the case. However, in passing it may be well to call attention to the distinction between bills of exception, statements of facts and statements of the case, in the hope that the trial courts and the members of the bar will observe such distinction and use the proper terms in the preparation of records.

The first question for discussion on the merits is whether or not the record shows that the defendants were guilty of such negligence as caused the injury in this case—that is to say, was the proximate cause of the injury which the plaintiff suffered the negligence of defendants or their servants. It appears from the evidence that the plaintiff, Dámaso Rodríguez, a boy of 11 years of age, went, or was sent, to the bakery of the defendants on a proper errand, requiring him to see his brother Leoncio Rodríguez, who was working in the bakery at the kneading table. As he was going out, according to the statement of the plaintiff himself, he was called by José Ayala, who had charge of the wheel, and requested, or commanded, him to assist in cleaning the same, and to turn the crank, causing the wheel to revolve, and that a boy from the street came in and took hold of the other crank, and they were turning it together, when, in order to manage it or make it operate, the plaintiff put his hand upon the wheel, and it was caught by the cogs and crushed. Whether or not all this occurred in the presence of Ayala, who was an employe of the defendants and seemed to have charge of that branch of the business, does not appear from the record. There is also evidence given by Canuta Rodríguez, the mother of the plaintiff, and by a servant in the office of the plaintiff's attorneys, that the said Ayala admitted in their presence that he had ordered the boy, who is the plaintiff in this case, to turn the crank as stated. This last testimony is attacked

by appellants as being hearsay. It cannot properly be considered hearsay, because it is in the nature of an admission made by a servant of the appellants who in this case, as he was representing them and making the statement in regard to their business, may be considered as acting in their behalf.

As far as appears from the record, the negligence of the defendants is sufficiently proved. At least there is sufficient evidence to support the judgment of the court, and to prevent us from reversing it on that ground.

The second objection made by the appellants is that the plaintiff and those controlling him were guilty of contributory negligence, in permitting him to go to the bakery and to engage in manipulating the machinery. As far as his brother is concerned, it does not appear that he had any control over the plaintiff, and his negligence could not be imputed to the injured boy in any event. In regard to the mother being negligent in sending the boy to the bakery, we do not think either the law or the facts justify such a conclusion. There are cases in which children of the age of 7 and under, have been injured by accidents, and contributory negligence of their parents was imputed to them. But this boy was 11 years of age, and of course old enough to be sent on such an errand as that he undertook, and considering his age, his mother cannot be regarded as negligent in having sent him.

Neither is there anything in the record which indicates that the boy himself was guilty of any contributory negligence; and consequently this defense is not available to the appellants; and there is nothing in the record on this point to enable them to secure a reversal of the judgment.

Then, taking the whole matter into consideration, all the law and facts of the case, as presented in the record, and in the argument of counsel before this court, we must conclude that the judgment of the district court was correct, and that the law and the facts are in favor of the plaintiff, and that the

judgment rendered below, on the 12th of May, 1906, should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.