Rodríguez *v.* Fernández Hermanos.

Apelación procedente de la Corte de Distrito de Ponce.

No. 169.—Resuelto en diciembre 20, 1907.

Pruebas—Testigos—Niños Menores de Catorce Años.—Las disposiciones del artículo 1214 del Código Civil, al afecto de que los niños menores de catorce años son inhábiles para ser testigos, han sido derogadas por el artículo 39 de la Ley de Evidencia, que establece la regla vigente con respecto al particular.

Id.—Testimonio de Referencia.—La declaración ó admisión hecha por el agente ó sirviente de una parte, á terceras personas, en relación con el negocio que le estuviera encomendado, no puede considerarse testimonio de referencia, pues en tales condiciones hay que estimar que tal agente ó sirviente actuaba en representación de su principal.

Apelación—Exposición del Caso.—La *exposición* á que se refiere el artículo 255 del Código de Enjuiciamiento Civil es evidentemente *una exposición del caso,* y no una exposición de *hechos.*

Id.—Pliego de Excepciones—Exposición de Hechos.—En la preparación de un pliego de excepciones, exposición del caso ó exposición de hechos, los abogados deben tener presente las diferencias que existen entre unos y otros documentos á fin de que las observen y usen los términos propios de cada uno.

Daños y Perjuicios por Negligencia—Negligencia Como Causa Inmediata del Accidente.—Demostrando la prueba practicada en este caso que la negligencia del demandado fué la causa inmediata del accidente, y siendo la prueba suficiente para justificar la sentencia de la corte inferior condenando al demandado al pago de los daños y perjuicios causados al demandante, procede su confirmación.

Id.—Negligencia Contribuyente.—No puede imputarse negligencia contribuyente á la madre del menor en este caso, por haberle permitido marchar solo á la calle á cumplimentar una diligencia que aquélla le encomendara, pues tratándose de un menor de once años, su edad era suficiente para que la madre estuviera justificada al permitirle salir solo á desempeñar su cometido.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Latorre.*

Abogado del apelado: *Sr. Boerman.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

La presente es una demanda entablada por Dámaso Rodríguez, contra Fernández Hermanos, en reclamación de daños y perjuicios sufridos á consecuencia de lesiones personales recibidas por dicho demandante en una mano, que le fué destrozada en 15 de mayo de 1906, en el engranaje de un torno usado en la maquinaria perteneciente á la panadería que los demandados poseen en Yauco. El demandante pretende que dichas heridas le fueron ocasionadas por negligencia de uno de los empleados de los demandados, y, por tanto, por negligencia de los demandados mismos.

En la defensa se ha alegado que no hubo negligencia por parte de los demandados ni de sus empleados; sino que hubo negligencia contributiva por parte del demandante y de las personas encargadas de su custodia, siendo dicho demandante un menor de once años de edad.

El día 12 de abril de 1907, se dictó por el Tribunal de Distrito de Ponce, sentencia á favor del demandante, por la suma de 500 (quinientos) dollars. Contra esa sentencia, se interpuso por los demandados recurso de apelación, en 22 de abril del mismo año. También el demandante interpuso recurso de apelación en 2 de mayo del citado año.

Del informe oral pronunciado por el abogado del demandante, ante el Tribunal Supremo, aparece que este último está dispuesto á conformarse con la sentencia tal como fué dictada por el tribunal inferior; y tenemos que considerar solamente el recurso de apelación interpuesto por los demandados.

Antes de discutir el caso, con arreglo á los méritos del mismo, conviene aclarar un error en que han incurrido los abogados de los apelantes, citando el artículo 1214 del Código Civil, en el sentido de que los menores, que tengan menos de

catorce años de edad, no pueden ser admitidos como testigos en una causa civil. Esta Ley ha sido derogada por la Ley de Evidencia, que en su artículo 39 consigna la regla como sigue:

"No podrán ser testigos las siguientes personas:

"1. Las que no estuvieren en su juicio cabal al presentarse á examen;

"2. Los niños menores de diez años que parecieren incapaces de recibir impresiones exactas de los hechos, respecto de los cuales fueren examinados, ni relatarlos con exactitud."

Ley de Evidencia, artículo 39, página 15, Estatutos de 1905.

De las alegaciones hechas por ambas partes en este pleito, aparece que el demandante tenía once años, y que, por consiguiente, tenía edad suficiente para declarar en su propia defensa, como lo hizo en el presente caso.

Se ha planteado, por el apelado, una cuestión preliminar, que él pretende debe ser motivo para que se desestime la apelación. Dicha cuestión se refiere al pliego de excepciones y á la exposición del caso, y está concebida en los siguientes términos:

"Los demandados no presentaron, dentro de los diez días que fija la ley, el pliego de excepciones ú objeciones; pero solicitaron y les fué concedida por la corte una prórroga para presentar dicho pliego de excepciones, y, dentro de la prórroga que les fué concedida, los demandados en vez de presentar el referido pliego de excepciones en la forma que preceptúa el artículo 214 del Código de Enjuiciamiento Civil, lo que presentaron (llamémosla exposición del caso), fué una relación de las declaraciones prestadas por los testigos, sin precisar los particulares en que se funda la alegación de la insuficiencia de las pruebas."

El abogado del apelado procede en su argumento, diciendo que, puesto que los apelantes solicitaron una prórroga para presentar su pliego de excepciones, cuya prórroga fué renovada en dos ó tres ocasiones subsiguientes, no podían presentar después una exposición de hechos, ó una exposición

del caso; y no tenían derecho para hacer eso, por varias ra-
zones, siendo la primera, porque una exposición del caso sólo
es admisible para una moción de nuevo juicio, y en este caso,
la parte contraria no ha solicitado nuevo juicio (Artículo 223
del Código de Enjuiciamiento Civil); la segunda, porque, una
exposición del caso debió ser presentada en término de diez
días desde la notificación (Artículo 223, p. 3, Código de En-
juiciamiento Civil); y la tercera, porque la prórroga no le
fué concedida para una exposición del caso, sino para un pliego
de excepciones; y dicho abogado alega, además, que en el
Artículo 223 del Código de Enjuiciamiento Civil, cuyo artículo
explica en qué consiste el legajo de la sentencia, no se hace
mención de una exposición del caso.

De esto surge la cuestión de la diferencia entre los tres
documentos; examinemos, pues, la diferencia entre (1º.) un
pliego de excepciones, (2º.) una exposición de hechos, y (3º.)
una exposición del caso.

Bouvier define un pliego de excepciones como sigue:

"Pliego de Excepciones.—Una relación escrita de objeciones con-
tra la decisión de un tribunal con respecto á una cuestión de derecho,
cuyo escrito ha sido formulado por una de las partes del pleito, y
certificado en debida forma por el juez ó la corte que haya dictado la
resolución. El objeto de un pliego de excepciones es hacer constar la
decisión contra la cual se han hecho objeciones, para el conocimiento
del tribunal que conozca de la causa en la apelación interpuesta con
motivo de los errores en que haya incurrido el tribunal sentenciador.

"Casos en que debe presentarse un Pliego de Excepciones. Siem-
pre que en los juicios celebrados en causas civiles, el letrado contra
quien se dicte alguna resolución, suponga que el tribunal al dictar
dicha resolución, se haya equivocado respecto de la ley, puede dicho
letrado presentar excepciones contra tal resolución, y exigir al juez,
de autorizar el pliego que contenga dichas excepciones. * * *
El pliego de excepciones puede presentarse contra la resolución, ó
falta de la debida resolución del tribunal sentenciador, en cualquier
procedimiento durante el curso del juicio, desde su principio hasta su
conclusión; y con tal que haya sido presentado en debida forma, pue-
de ser considerado por el Tribunal, en un recurso de apelación inter-
puesto por quebrantamiento de forma, ó infracción de ley.

"En la Corte de Circuito de Apelación, las excepciones tomadas contra resoluciones dictadas por la corte, en un juicio, no serán consideradas, á menos que dichas excepciones sean presentadas en el acto del juicio, consignadas en un pliego de excepciones, y presentadas al juez durante el mismo término de sesiones, ó dentro de un término que haya sido fijado por una regla establecida por la corte, durante el respectivo término de sesiones, ó por una regla fija de dicho tribunal, ó por este último, con el consentimiento de las partes; y excepto en circunstancias extraordinarias, dichas excepciones deben ser admitidas, y presentadas al secretario de la corte, durante el mismo término de sesiones."

"Efecto del Pliego de Excepciones.—El pliego de excepciones, después de sellado, es para las partes una prueba concluyente en cuanto á los hechos consignados en el mismo.

"Si las resoluciones del juez, y los motivos en que se funden las objeciones hechas contra las mismas, constan en los autos, el derecho de la parte tomando la excepción, está completamente amparado, sin necesidad de formular pliego alguno (40 La. Ann., 809). Si el juez ha certificado y mandado á archivar los autos que contengan las pruebas, las excepciones y las instrucciones dadas al jurado, no está obligado á firmar un segundo pliego de excepciones ú otro pliego de excepciones por separado, para la parte tomando la excepción; 161 Pa. 320. Cuando el error aparezca claramente de los autos, no es necesario señalarlo mediante una relación detallada (*bills of particulars*); 141 U. S., 616."

Diccionario Legal de Bouvier, páginas 236-237.

El lexicógrafo legal arriba mencionado, no define los términos "exposición de hechos" y "exposición del caso." En "Black's Law Dictionary" (Diccionario de Leyes, de Black) hay la siguiente definición de la palabra "exposición."

"*Exposición.*".—En un sentido general, "exposición" significa una alegación; una declaración de hechos positivos. Este término ha llegado á utilizarse para designar una variedad de narraciones ó relaciones formales de hechos, cuyas relaciones las prescribe la ley en varias jurisdicciones, como la base de procedimientos judiciales ú oficiales."

Black's Law Dictionary, página 1120.

Esto incluye probablemente tanto las exposiciones de hechos como las exposiciones del caso, y en el artículo 225, del

Código de Enjuiciamento Civil, se dispone que el pliego de excepciones ó la exposición, según el caso, que se hubieran utilizado en la vista, constituirán una parte de los autos para la apelación de la resolución, concediendo ó denegando un nuevo juicio. Esto, evidentemente, se refiere á la exposición del caso, que también se menciona en el artículo 223 del Código de Enjuiciamiento Civil. Nada más se ha encontrado en nuestra ley concerniente á estos documentos. Es probable que en el tribunal inferior, ni el juez sentenciador, ni el abogado del apelante, habían hecho distinción alguna entre un "pliego de excepciones" y una "exposición del caso," y que estas palabras fueron tratadas como términos sinónimos en la solicitud pidiendo la prórroga, y en la resolución concediendo la misma. Por esta razón, haremos caso omiso de la indicación hecha por el abogado del apelado, y procederemos á la consideración de los méritos del caso. Sin embargo, será conveniente, de paso, llamar la atención sobre las diferencias que existen entre "pliego de excepciones," "exposiciones de hechos" y "exposiciones del caso," en la esperanza de que los tribunales sentenciadores y los miembros del foro, tengan presentes dichas diferencias, y hagan uso de los términos que sean correctos, al preparar los autos.

La primera cuestión que debe discutirse al tratar de los méritos del caso, es si los autos demuestran ó nó, que los demandados eran culpables de una negligencia tal que las lesiones, en el presente caso, fueron causadas como consecuencia de la misma; es decir: ¿era la negligencia de los demandados ó de sus empleados, la causa directa de las lesiones sufridas por el demandante? De las pruebas, aparece que el demandante, Dámaso Rodríguez, un niño de once años de edad, iba, ó fué mandado á la panadería de los demandados, para llevar un recado, lo que era propio para un muchacho de su edad, y con motivo de cuyo recado tenía que ver á su hermano Leoncio Rodríguez, que estaba trabajando en el tablero de la panadería. Según la declaración del mismo demandante, éste, al salir, fué llamado por José Ayala, que es-

taba encargado del torno; suplicándole ú ordenándole el Ayala que le ayudase á limpiar dicho torno, y que le diera á la manigueta por la que se hace girar á este último; y que, en eso, vino un muchacho de la calle, y que, juntamente con él, le dió á la manigueta; y que al querer el demandante sujetar el torno, metió la mano, y se la cojió el engranaje, destrozándosela. No aparece de los autos si todo esto ocurrió ó nó en la presencia de Ayala, que era un empleado de los demandados, y parece haber tenido á su cargo este ramo del negocio. También se ha declarado por Canuta Rodríguez, madre del demandante, y por un sirviente del bufete de los abogados de dicho demandante, que el citado Ayala confesó en su presencia, que él había ordenado al muchacho, que es el demandante en el presente caso, que diera á la manigueta, como se ha dicho anteriormente. Estas últimas declaraciones han sido impugnadas por los apelantes como declaraciones ó testimonio de referencia. Estas declaraciones no pueden considerarse propiamente como testimonio de referencia, porque tienen el carácter de una confesión hecha por un empleado de los apelantes, quien en este caso, puesto que representaba á dichos apelantes, y hacía las declaraciones con respecto á su negocio, puede considerarse como procediendo á nombre de ellos.

Por lo que aparece de los autos, la negligencia de los demandados ha sido suficientemente probada. Á lo menos hay pruebas suficientes para justificar la sentencia del tribunal, y para impedir que la revoquemos nosotros por ese motivo.

La segunda objeción hecha por los apelantes, es que el demandante y las personas que le tenían bajo su custodia, eran culpables de negligencia contributiva en permitirle que fuera á la panadería y se ocupase en manipular la maquinaria. Por lo que concierne á su hermano, no aparece que éste tenía autoridad alguna sobre el demandante; y en ningún caso podía su negligencia ser imputada al niño lesionado. En cuanto á la existencia de negligencia por parte de la madre, por haber mandado al niño á la panadería, no creemos tampoco que ni la ley ni los hechos justifiquen semejante conclu-

sión.  Hay casos en que niños de siete años ó de menos edad, han sido heridos accidentalmente, y se les ha imputado negligencia contributiva por parte de sus padres.  Pero este niño tenía once años de edad, y tenía, por supuesto, edad suficiente para ser enviado con un recado, como lo era aquél que llevaba; y no se puede considerar á su madre como negligente, por haberlo enviado.

Tampoco hay nada en los autos que indique que el niño mismo era culpable de negligencia contributiva alguna; y, por consiguiente, no pueden los apelantes valerse de esta alegación para conseguir la revocación de la sentencia.

Por consiguiente, tomando en consideración todo el asunto, todas las disposiciones legales y los hechos del caso, según se han presentado en los autos y en los informes orales pronunciados ante este tribunal, por los abogados de las partes, debemos llegar á la conclusión de que la sentencia dictada por el Tribunal de Distrito, era correcta; y que la ley y los hechos están á favor del demandante; y que la sentencia dictada por el tribunal inferior, en 12 de mayo de 1906, debe ser confirmada.

*Confirmada.*

Jueces concurrentes:  Sres. Presidente Quiñones y Asociados Hernández, Figueras y Wolf.